Christopher Beatty (State Bar No. 266466)
chris.beatty@katten.com
Murad Salim (State Bar No. 342747)
murad.salim@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone: (310) 788-4400
Facsimile: (310) 788-4471

*Attorneys for Plaintiff Famous Birthdays, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants | Case No. 2:24-cv-08364-AS<br><br>**PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN EXHIBITS TO KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF MOTION FOR AN ORDER ISSUING A PRELIMINARY INJUNCTION**<br><br>[Filed concurrently with Declaration of Evan Britton; and [Proposed] Order]<br><br>Assigned to Magistrate Judge Alka Sagar, Courtroom 540<br><br>Action Filed: September 27, 2024<br>Trial Date: None Set |

Pursuant to Local Rule 79-5.2.2, Plaintiff Famous Birthdays, LLC ("Famous Birthdays") files this Application for Leave to File Under Seal Exhibits B, C, and D to the Declaration of Kevin Ostrowski In Support of Motion for an Order Issuing a Preliminary Injunction ("Ostrowski Declaration").

## I. INTRODUCTION

The foregoing exhibits to the Ostrowski Declaration contain the proprietary and confidential information of Famous Birthdays. Exhibit B contains documentation provided to Defendant Passes, Inc. ("Passes"), pursuant to the contract between the parties, that provides it with instructions for how to access limited portions of Famous Birthdays' Application Programming Interface ("API"). Exhibit C shows the source code for Famous Birthdays' paywalled Famous Birthdays Pro website, which includes internal API endpoints for use by Famous Birthdays only. And Exhibit D is a log of API calls to Famous Birthdays' API performed by Passes, which include an internal API call that Passes surreptitiously took from Famous Birthdays' source code for its paywalled site.

In sum, all three exhibits would provide the public with access to Famous Birthdays' API calls for paying clients, its source code, and its internal API calls for Famous Birthdays' use only. This data could be used by competitors and the public to exploit Famous Birthdays' API, including its internal and paywalled API calls. By contrast, there is little public interest in these materials as the underlying motion's merits can be easily understood without reference to the contents of these exhibits. Thus, compelling reasons exist to grant this Application.

## II. LEGAL STANDARD

The Ninth Circuit holds that "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *see also Center for Auto*

2

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF AN ORDER ISSUING A PRELIMINARY INJUNCTION

301751346

*Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (holding that the "compelling reasons" standard for dispositive motions applies to motions for preliminary injunctions that are "more than tangentially related to the merits of a case").

In ruling on a sealing motion, the Court must consider "all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. . . ." *Folz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). So long as the Court "conscientiously balances the competing interests and articulates compelling reasons supported by specific factual findings, its decision will be reviewed only for an abuse of discretion." *Id*.

## III. ARGUMENT

"[W]hile protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *In re PersonalWeb Technologies, LLC Patent Litigation*, 2019 WL 13033990, at *1 (N.D. Cal. Dec. 16, 2019) (quoting *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013)).

Thus, the Court in *In re PersonalWeb Technologies*, held that the parties' requests to file several exhibits under seal, including exhibits that "contain[ed] references and analysis to Twitch's source code[,]" satisfied the "compelling reasons" standard for sealing. *Id*. at *2. Similarly, in *Finjan, Inc. v. Proofpoint, Inc.*, the Court allowed defendants therein to file several exhibits in opposition to summary judgment under seal where they "disclose[d] confidential information about the operation of Defendants' productions, including technical information and source code[,]" which could "reveal the identification,

3

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF AN ORDER ISSUING A PRELIMINARY INJUNCTION

301751346

organization, and operation of Defendants' proprietary products, and could assist competitors in recreating the features of Defendants' products." 2016 WL 7911651, at *2 (N.D. Cal. Apr. 6, 2016).

Such sensitive materials are properly sealed both because they can "be used by competitors to obtain commercial advantages, and/or by unscrupulous computer hackers to circumvent security measures" put in place by the party. *Genuine Enabling Technology LLC. v. Nintendo Co., Ltd.*, 2020 WL 4366181, at *1-2 (W.D. Wash. July 30, 2020) (granting sealing request as to technical documents describing party's internal operations). *See also Tokarski v. Med-Data, Inc.*, 2022 WL 683250, at *2 (W.D. Wash. Mar. 8, 2022) (granting motion to seal exhibits where the exhibits "contain[ed] information that, if made publicly available, could undermine its current security measures.").

Here, Exhibits B, C, and D to the Ostrowski Declaration contain Famous Birthdays' confidential source code and API calls. (Declaration of Evan Britton ("Britton Decl.") ¶ 2.)

Ostrowski Declaration Exhibit B consists of API instructions Famous Birthdays provided to Passes, in connection with the services agreement between the parties. (*Id*. ¶ 3.) These API instructions are not publicly available and are only provided to paying Famous Birthdays' customers, subject to strict contractual terms. (*Id*.) These instructions allow clients to access Famous Birthdays' API by pinging it with specified "calls" that then retrieve information from Famous Birthdays' API. (*Id*. ¶ 4.) The information contained in Famous Birthdays' API includes its copyrighted biographies of over 100,000 celebrities and influencers, which are the backbone of its business. (*Id*. ¶ 5.) Allowing Famous Birthdays' API call instructions to be publicly available would render its API vulnerable to unscrupulous hackers and would also allow competitors to view how it constructs its API. (*Id*. ¶ 6.)

4

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF AN ORDER ISSUING A PRELIMINARY INJUNCTION

301751346

  Ostrowski Declaration Exhibit C consists of a screenshot from Famous Birthdays' paywalled "Famous Birthdays Pro" website, which is only accessible to paying clients, subject to strict contractual terms and Terms of Use. (*Id.* ¶ 7.) Moreover, it shows the back-end source code that populates Famous Birthdays Pro, including Famous Birthdays' internal API calls that can be used to ping Famous Birthdays' API and retrieve information that is only meant for Famous Birthdays personnel. (*Id.*) One of the claims in this lawsuit relates to Defendants surreptitiously exploiting this same source code, and the internal API call therein, to breach Famous Birthdays' internal API and steal over 100,000 copyrighted bios from Famous Birthdays en masse. (*Id.* ¶ 8.) Allowing this internal source code to be publicly available would create a risk of other unscrupulous actors committing a similar, or worse, breach. (*Id.*)

  Ostrowski Declaration Exhibit D is the access log showing that Passes pinged Famous Birthdays' API, with the internal API call surreptitiously taken from the Famous Birthdays Pro source code, over 100,000 times. (*Id.* ¶ 9.) Because this also contains Famous Birthdays' internal API call, publicly displaying it carries the same risks of competitive harm and potential hacking as Ostrowski Declaration Exhibit C. (*Id.*)

  By contrast, the public's ability to understand the judicial process will not be impacted by these narrowly tailored redactions. Indeed, the merits of the underlying motion for preliminary injunction can be fully understood without reference to the contents of the exhibits—as evidenced by the fact that no portions of the Notice of Motion and Memorandum of Points and Authorities are redacted. Neither is any text in the Ostrowski Declaration redacted. The only redactions here are to the contents of these exhibits, which show the specific API calls and source code at issue—the arguments relating to these exhibits stem from the fact that Defendants used an API call that was not part of the API instructions provided to them, but could only be found in Famous

5

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF AN ORDER ISSUING A PRELIMINARY INJUNCTION

301751346

1  Birthdays' source code, to ping Famous Birthdays' API over 100,000 times. The
2  actual text of the API calls is proof of this point, but is not needed to understand
3  the argument made.
4      For the reasons set forth herein and supported by the accompanying
5  Declaration of Evan Britton, Famous Birthdays hereby requests leave to file
6  Exhibits B, C, and D to the Ostrowski Declaration under seal.

Respectfully yours,

DATED: October 19, 2024     KATTEN MUCHIN ROSENMAN LLP

By: _____
CHRISTOPHER D. BEATTY
Attorneys for Plaintiff
FAMOUS BIRTHDAYS, LLC

6

PLAINTIFF'S APPLICATION FOR LEAVE TO FILE UNDER SEAL CERTAIN PORTIONS OF KEVIN OSTROWSKI'S DECLARATION IN SUPPORT OF AN ORDER ISSUING A PRELIMINARY INJUNCTION

301751346