NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel. +1 650 752 3100
Fax: +1 650 853 1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**DECLARATION OF LUCY GUO IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:    December 3, 2024<br>Time:    10:00 a.m.<br>Ctrm.:   8-D<br>Judge:  Hon. Consuelo B. Marshall<br><br>Action Filed:   September 27, 2024 |

# DECLARATION OF LUCY GUO

I, Lucy Guo, declare as follows:

1. I am a Defendant in this action and the founder and CEO of Defendant Passes, Inc. ("Passes"). I have personal knowledge of the matters stated herein, and, if called as a witness, I would and could competently testify as to the following. I make this declaration in support of Passes' Opposition to Plaintiff Famous Birthdays, LLC's ("Famous Birthdays") Motion for Preliminary Injunction (the "Opposition").

## The Services Agreement

2. I have carefully reviewed Evan Britton's declaration. I do not agree with his characterization of my communications with him. *See* Declaration of Evan Britton in Support of Motion for Preliminary Injunction (Dkt. 11-1, "Britton Decl."), ¶ 15. My communications with Mr. Britton were very limited. I recall coordinating and joining a call with Mr. Britton that was held on or around March 5, 2024, which was after Famous Birthdays and Passes entered the service agreement dated on or around February 29, 2024 (the "Services Agreement"). During that call he demonstrated some functionality of the Famous Birthdays Pro service.

3. Mr. Britton's assertions about my representations are also false. I did not tell Mr. Britton that Passes would only use the Famous Birthdays Pro services for the purposes of "identifying [creators] to partner with," and I am not aware of any agreement between Passes and Famous Birthdays that modifies or restricts the how Passes can use the Famous Birthdays Pro services. *See* Britton Decl., ¶ 15. Instead, the uses described in the Services Agreement are consistent with what I understood to be the uses permitted by Famous Birthdays.

## Passes' Use of Famous Birthdays Pro Services

4. Mr. Britton next claims I ran 106,124 "lookups" on Famous Birthdays Pro in April 2024. *See* Britton Decl., ¶ 16. I did not run these lookups. However, I do understand that Passes employees used the credentials provided to me by Famous Birthdays to lookup certain API endpoints.

Goodwin Procter LLP
Attorneys at Law

1

5. I never instructed any Passes employee to access, alter, or otherwise introduce anything that would alter Famous Birthdays' source code. I personally did not access, alter, or otherwise introduce anything that would alter Famous Birthdays' source code, and I am unaware of any evidence that supports Famous Birthdays' insinuation. *See* Britton Decl., ¶ 27.

6. I never instructed any Passes employee to access or extract anything from Famous Birthdays' source code. I personally did not access or extract anything from Famous Birthdays' source code, and I am unaware of any evidence that supports Famous Birthdays' insinuation. *See* Britton Decl., ¶ 29.

7. I never instructed any Passes employee to access or use Famous Birthdays Pro services through any method other than credentials or a token that were provided by Famous Birthdays to Passes. I personally did not access or use Famous Birthdays Pro's services through a method other than the credentials provided by Famous Birthdays. I investigated whether anyone else at Passes accessed the Famous Birthdays Pro website through another method, and based on my reasonable investigation, I understand that no one at Passes accessed Famous Birthdays Pro services through any method other than credentials or a token that was provided by Famous Birthdays.

8. I never instructed any Passes employee to use Famous Birthdays Pro API calls in any way to "hack[]" the Famous Birthdays Pro's source code. *See* Declaration of Evan Britton in Support of the Sealing Application (Dkt. 10, "Britton Sealing Decl."), ¶¶ 7-9. I am also very confident that no one else at Passes issued such an instruction. I have asked all of the people involved in accessing the Famous Birthdays Pro website, and have confirmed none of them did so. Indeed, any such action would be a serious violation of Passes' policies.

9. I personally did not use the API calls to "hack[]" the Famous Birthdays Pro's source code," and based on the results of my reasonable investigation, I

confirmed that no one at Passes used the API calls to "hack[]" the Famous Birthdays Pro's source code. See Britton Sealing Decl., ¶¶ 7-9.

### The Passes Wiki Biography Pages

10. The Passes Wiki biography pages are not core to Passes' business and were not "solely [created] to confuse search engines, driv[e] traffic from Famous Birthdays to Passes Wiki by being a featured search result." See Britton Decl., ¶ 24. The pages were created as part of Passes' creator acquisition efforts.

11. I never republished or instructed any Passes employee to republish language of Famous Birthdays' biography pages. The language that was used in the Passes Wiki pages was different from the language that was used in Famous Birthdays' factual biographies.

12. Following Famous Birthdays' initiation of this litigation, I directed the Passes engineering team to remove all of the Passes Wiki biography pages from public view. Removing the pages from public view means that the links to each biography page no longer appear when a member of the public attempts to search for the Passes Wiki biography or enters the URL link that previously navigated to a specific celebrity's Passes Wiki biography page.

13. The Passes Wiki biographies are no longer available for public view. I understand that the Passes engineering team removed the Passes Wiki biographies from public view on or about October 25, 2024.

14. I instructed the Passes engineering team to keep the Passes Wiki biography pages removed from public view. I have no plans or intent to instruct the Passes engineering team to have the Passes Wiki biography pages return to public view.

15. Following Famous Birthdays' initiation of this litigation, I also directed the Passes' Chief Technology Officer to instruct all relevant personnel not to access or use any data obtained from Famous Birthdays under the Services Agreement. I

1  have no plans or intent to instruct Passes' Chief Technology Officer to allow Passes
2  personnel to access or use any such data.
3      I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct.
5      Executed on November 12, 2024.

DocuSigned by:

*Lucy Guo*
CE91EAFDAEAD41B...

LUCY GUO