NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel. +1 650 752 3100
Fax: +1 650 853 1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**DECLARATION OF CONNOR SWEENEY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:     December 3, 2024<br>Time:    10:00 a.m.<br>Ctrm.:   8-D<br>Judge:   Hon. Consuelo B. Marshall<br><br>Action Filed:   September 27, 2024 |

# DECLARATION OF ATTORNEY CONNOR SWEENEY

I, Connor Sweeney, declare as follows:

1. I have personal knowledge of the matters stated herein, and, if called as a witness, I would and could competently testify as to the following. I make this declaration in support of Passes' Opposition to Plaintiff Famous Birthdays, LLC's ("Famous Birthdays") Motion for Preliminary Injunction (the "Opposition").

2. I am a former employee of Defendant Passes, Inc. ("Passes"). Prior to my departure, I served as the Chief of Staff and reported to Lucy Guo ("Ms. Guo"), the founder and CEO of Passes. I left Passes in April 2024 to take a different role in the content creator space.

3. On or about February 26, 2024, I contacted Zach Ferraro to discuss a partnership between Passes and Famous Birthdays. Zach Ferraro was a business executive at Famous Birthdays' at the time. In our conversations, we specifically discussed a partnership wherein Passes uses Famous Birthdays Pro services in exchange for a fee. I understand Evan Britton (founder and CEO of Famous Birthdays) has alleged that he "negotiated" the services agreement. *See* Declaration of Evan Britton in Support of Motion for Preliminary Injunction (Dkt. 11-1, "Britton Decl."), ¶ 15. I do not recall Mr. Britton being involved in "negotiations."

4. On February 28, 2024, Mr. Ferraro emailed me a copy of Famous Birthdays' proposed services agreement for what Mr. Ferraro described as the "Premiere tier," which cost $5,000 per month. I do not recall any modifications being made before the agreement before it was signed.

5. On February 29, 2024, I signed the services agreement between Famous Birthdays and Passes (the "Services Agreement"). Attached hereto as **Exhibit A** is a true and correct copy of the Services Agreement.

6. On or about March 5 and March 6, 2024, Famous Birthdays gave Passes login credentials and a token to use Famous Birthdays' Pro services.

1  I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3  Executed on November 12, 2024.

*Signed by:*
*Connor Sweeney*
0810825CC5BE441...

CONNOR SWEENEY

# EXHIBIT A

# EXHIBIT A



1. **PURPOSE**

Famous Birthdays creates and collects information about celebrities that it provides through its Famous Birthdays Pro subscription service. Passes ("Customer") wishes to subscribe to Famous Birthdays Pro. Accordingly, the parties agree to subscription terms below.

2. **FAMOUS BIRTHDAYS PRO SERVICES (the "Services")**

    2.1. **Rising Stars.** Once per week, Famous Birthdays shall provide Customer a Rising Stars list featuring 25 creators profiled on the Famous Birthdays platform. The parameters governing selection of Rising Stars creators shall be left to Famous Birthdays' sole discretion.

    2.2. **Rank Graph Search.** Famous Birthdays shall provide Customer with 2,500 searches per month of historical rank graphs for creators profiled on the Famous Birthdays platform

    2.3. **Report Search.** Famous Birthdays shall provide Customer with 100 Report Searches per month with up to 50 records on each report

    2.4. **API Access.** Famous Birthdays shall provide customer with access to the Famous Birthdays Pro API: Which includes the same data and allotments that are available via the Famous Birthdays Pro dashboard

    2.5. **Payment amount.** Customer shall pay Famous Birthdays $5,000 USD per month, to be paid net 30 of receipt of the applicable invoice, for ongoing access. Customer to receive a 10% discount if they elect to convert to an annual agreement.

3. **TERM AND TERMINATION**

    3.1. Term. This Agreement shall continue until terminated

    4.2. Termination for Convenience. Either party can terminate this Agreement for convenience on three days' written notice.

    4.3. Effect of Termination. Any terms of this Agreement which must reasonably survive termination in order to have full effect shall survive termination.

4. **INTELLECTUAL PROPERTY**

    4.1. **License to Famous Birthdays' Intellectual Property.** The data and information made available through the Services (the "Data") are the intellectual property of Famous Birthdays. Famous Birthdays hereby grants Customer a license to make non-public, internal use of the data for Business Purposes of the Customer for the duration of the term of this Agreement. Customer shall not transfer, sell, or publicly display the data. Notwithstanding the forgoing, Customer may use the data in a manner that would otherwise be restricted by this Agreement where such Data is, through no fault of Customer's, unprotectable under applicable law.

4.2. **No License to Marks.** Nothing in this Agreement grants either party any license to use the other's trademarks, service marks, or logos.

5. **WARRANTIES**

   *6.1* **FAMOUS BIRTHDAYS' DISCLAIMER OF WARRANTIES.** All information and services provided under this Agreement are provided "as is": Famous Birthdays disclaims all other warranties, whether express or implied; Famous Birthdays specifically disclaims all implied warranties of merchantability, accuracy, and fitness for a particular purpose.

6. **MUTUAL LIMITATION OF LIABILITY**

To the maximum extent permitted by applicable law, in no event shall either party be liable for any lost profits or for any indirect, incidental, special, or consequential damages arising out of or related to this Agreement, regardless of whether advised of the possibility of such damages.

7. **MUTUAL INDEMNIFICATION**

Each Party shall indemnify, defend, and hold harmless the other, including the other's directors, officers, successors and assigns, from and against all liabilities and costs arising out of any claim, suit, proceeding or cause of action against any of them by a third party resulting from (i) the indemnifying Party's negligent or intentionally wrongful acts or omissions, or (ii) any breach of the indemnifying Party's representations and warranties in this Agreement.

8. **GENERAL TERMS**

   8.1. **Disputes; Governing Law; Venue.** This Agreement shall be governed by the laws of California, without regard to its conflict of law principles. The courts located in Los Angeles County, California, shall have exclusive jurisdiction over any dispute between the parties concerning this Agreement. The parties agree the venue of these courts is proper and submit to their jurisdiction, waiving any claim that such a proceeding has been brought in an inconvenient forum or that the venue of that proceeding is improper.

   8.2. **No Waiver.** No failure or delay by either party in exercising any right under this Agreement shall constitute a waiver of that right.

   8.3. **Entire Agreement.** This Agreement embodies the parties' entire agreement and supersedes and cancels any prior agreement, express or implied, written or oral, with respect to its subject matter.

| For Famous Birthdays: | For Customer: |
|---|---|
| *[signature]* | DocuSigned by: *Connor Sweeney* <br> 9DE1BED340CC4D9... |
| Name: | Name: Connor Sweeney |

DocuSign Envelope ID: 0162B170-ACC4-4051-9B49-56F0E575B57B

Date:                                                    Date: 2/29/2024