NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel. +1 650 752 3100
Fax: +1 650 853 1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**DECLARATION OF MEGAN D. BETTLES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  December 3, 2024<br>Time:  10:00 a.m.<br>Ctrm.:  8-D<br>Judge:  Hon. Consuelo B. Marshall<br><br>Action Filed:  September 27, 2024 |

Goodwin Procter LLP
Attorneys at Law

## **DECLARATION OF MEGAN D. BETTLES**

I, Megan D. Bettles, declare as follows:

1.     I am an associate at Goodwin Procter LLP, counsel of record for Defendants Passes, Inc., ("Passes") and Lucy Guo ("Ms. Guo") (collectively "Defendants"). I have personal knowledge of the matters stated herein, and, if called as a witness, I would and could competently testify as to the following. I make this declaration in support of Passes' Opposition to Plaintiff Famous Birthdays, LLC's ("Famous Birthdays") Motion for Preliminary Injunction (the "Opposition").

2.     On or around August 21, 2024, counsel of record for Famous Birthdays sent a cease and desist letter to Passes (the "Cease and Desist Letter"). Attached hereto as **Exhibit A** is a true and correct copy of the Cease and Desist Letter.

3.     On September 4, 2024, I sent a response to the Cease and Desist Letter on behalf of Passes (the "Response to the Cease and Desist Letter"). Attached hereto as **Exhibit B** is a true and correct copy of the Response to Cease and Desist Letter.

4.     On October 19, 2024, at 12:00 p.m. Pacific Time, I sent an email to counsel for Famous Birthdays. In part, the email stated, "[a]s a showing of good faith, Passes is going to take-down the biography pages at-issue."

5.     On October 19, between 9:36 p.m. and 9:45 p.m. Pacific Time, counsel for Famous Birthdays emailed copies of its motion for a preliminary injunction and related sealing application (Dkts. 9 to 11) to counsel for Defendants.

6.     On October 19, at 10:14 p.m. Pacific Time, counsel for Famous Birthdays responded to the email I sent at noon, stating in part that "[t]he bios are still up."

7.     On November 1, 2024, I sent a letter on behalf of Defendants to counsel for Famous Birthdays (the "Document Request Letter"). Attached hereto as **Exhibit C** is a true and correct copy of the Document Request Letter.

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

1

1    8.    On November 12, 2024, counsel for Famous Birthdays responded to my

2    email that attached the Document Request Letter.  Attached hereto as **Exhibit D** is a

3    true and correct copy of the email.

4    9.    As of the time of this filing, counsel for Famous Birthdays has not

5    produced any documents, including the copyright registrations for the works Famous

6    Birthdays claim are infringed in response to the Document Request Letter.

7    I declare under penalty of perjury under the laws of the United States of

8    America that the foregoing is true and correct.

9    Executed on November 12, 2024.

10

11                                                           */s/ Megan D. Bettles*
                                                   _____
12                                                           MEGAN D. BETTLES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

- 2 -

# *EXHIBIT A*

# *EXHIBIT A*

# Katten

**2121 Avenue of the Stars**
**Suite 1100**
**Los Angeles, CA  90067-5010**
**+1.310.788.4400 tel**
**katten.com**

CHRISTOPHER BEATTY
chris.beatty@katten.com
+1.310.788.4477 direct
+1.310.788.4471 fax

August 21, 2024

Passes, Inc.
1 S.E. 3rd Avenue, Suite 1440
Miami, FL 33131
lucy@passes.com
payas@passes.com
connor@passes.com
maddi@passes.com
help@passes.com

**Re:    Famous Birthdays' Cease And Desist Demand**

Dear Passes Team:

My firm represents Famous Birthdays, LLC ("Famous Birthdays").  This letter serves as notice of Passes, Inc.'s breach and infringement of Famous Birthdays' works, and as demand that Passes, Inc. immediately cease all unlawful conduct.

Passes, Inc. ("Passes" or "you") entered into a limited services agreement with Famous Birthdays on March 1, 2024 (the "Services Agreement") granting you access to "Famous Birthdays Pro," which allows you to access certain of Famous Birthdays' copyright protected works, which have been registered with the U.S. Copyright Office.  In consideration for a payment of $5,000 per month, Passes was granted license to view (1) a "Rising Stars" list featuring 25 creators profiled on the Famous Birthdays platform; (2) 2,500 searches per month of historical rank graphs for creators profiled on Famous Birthdays; (3) 100 report searches per month; and (4) API access to achieve these limited purposes.  (Services Agreement §§ 2.1-2.5.)

In violation of these terms, you recently exploited access to Famous Birthdays Pro by downloading my client's proprietary and copyright protected works en masse.  Worse, you used the illegally obtained data for the illicit purpose of creating a competing product on the open web, where you reproduced over 100,000 of Famous Birthdays' works in nearly identical form and content.  Passes' use of Famous Birthdays' content in this matter is (1) a blatant breach of the Services Agreement; and (2) an infringement of Famous Birthdays' copyrighted works.  The breach of the Services Agreement is evident: Passes accessed Famous Birthdays' Pro data not available under the agreement and scraped that data to create a new, open web, competing product. Your unlawful conduct is causing significant and continuing economic damage to Famous Birthdays.

301493528

**Katten**

August 21, 2024
Page 2

That Passes is engaged in copyright infringement is beyond dispute. 17 U.S.C. § 106 grants copyright owners the exclusive right to reproduce, distribute, perform, and display a copyrighted work, and to prepare derivative works based thereon. Contractual terms in a license that limit the scope of a licensee's right to exercise any of these statutory rights "are referred to as 'conditions,' the breach of which constitutes copyright infringement." *MDY Industries, Inc. LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010). In particular, courts have held that where the licensor "establish[es] use exceeding the limits in a license, that use would be evidence of copyright infringement. The limits in the license define the scope of the license; they are not simply covenants enforceable through a breach of contract action." *Reinsdorf v. Skechers, U.S.A.,* 922 F. Supp. 2d 866, 876 (C.D. Cal. 2013); *North America. Pac. Stock, Inc. v. Pearson Educ., Inc.,* 927 F.Supp.2d 991, 998 (D. Haw. 2013) (same); *see also LGS Architects v. Concordia Homes of Nevada*, 434 F.3d 1150, 1151-52 (9th Cir. 2006) (violation of a license provision limiting the use of architectural plans to one specific development gave rise to a copyright infringement claim); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc*., 772 F.2d 505, 511 (9th Cir. 1985) (violation of a license provision limiting the use of copyrighted music to performances that did not include visual representations of the movies from which the music was taken gave rise to a copyright infringement claim). In addition to the actual damages owed to Famous Birthdays due to Passes' breach, Passes' infringement entitles Famous Birthdays to statutory damages under the Copyright Act. 17 U.S.C. § 504(c). A successful copyright infringement plaintiff is also due reasonable attorneys' fees and costs under the Act. 17 U.S.C. § 505. Thus, Passes' scope of liability pursuant to this infringement is significant.

Pursuant to the foregoing, Famous Birthdays demands that Passes immediately delete all copies of Famous Birthdays works, including creator biographies and creator handles, from its database. This demand includes Passes' wiki product and any other manipulated versions of Famous Birthdays' copyrighted material. We demand such deletion occur by **August 28, 2024** and be confirmed in writing. In addition, please consider this letter as notice of termination by Famous Birthdays of the Services Agreement.

In addition, and notwithstanding the foregoing, you must also preserve all records related to Famous Birthdays and this dispute, including records showing any deletions of Famous Birthdays' material. All such records must contain details of what was deleted, when it was deleted, and how. Your counsel should retain backup copies of any and all detailed records solely for the purpose of complying with our preservation request. Any deletion of relevant documents, communications, or other records not specifically requested by this demand, but related thereto, constitutes spoliation, which has legal serious consequences, up to and including monetary

# Katten

August 21, 2024
Page 3


sanctions, adverse inferences as to the deleted evidence, and terminating sanctions.  *See* Fed. R. Civ. P. 37(e).

Your immediate attention to this demand and prompt response are appreciated.  Famous Birthdays reserves all rights.


Sincerely,

Christopher Beatty

CDB:aeb

# EXHIBIT A



## 1. PURPOSE

Famous Birthdays creates and collects information about celebrities that it provides through its Famous Birthdays Pro subscription service. Passes ("Customer") wishes to subscribe to Famous Birthdays Pro. Accordingly, the parties agree to subscription terms below.

## 2. FAMOUS BIRTHDAYS PRO SERVICES (the "Services")

2.1. **Rising Stars.** Once per week, Famous Birthdays shall provide Customer a Rising Stars list featuring 25 creators profiled on the Famous Birthdays platform. The parameters governing selection of Rising Stars creators shall be left to Famous Birthdays' sole discretion.

2.2. **Rank Graph Search.** Famous Birthdays shall provide Customer with 2,500 searches per month of historical rank graphs for creators profiled on the Famous Birthdays platform

2.3. **Report Search.** Famous Birthdays shall provide Customer with 100 Report Searches per month with up to 50 records on each report

2.4. **API Access.** Famous Birthdays shall provide customer with access to the Famous Birthdays Pro API: Which includes the same data and allotments that are available via the Famous Birthdays Pro dashboard

2.5. **Payment amount.** Customer shall pay Famous Birthdays $5,000 USD per month, to be paid net 30 of receipt of the applicable invoice, for ongoing access. Customer to receive a 10% discount if they elect to convert to an annual agreement.

## 3. TERM AND TERMINATION

3.1. Term. This Agreement shall continue until terminated

4.2. Termination for Convenience. Either party can terminate this Agreement for convenience on three days' written notice.

4.3. Effect of Termination. Any terms of this Agreement which must reasonably survive termination in order to have full effect shall survive termination.

## 4. INTELLECTUAL PROPERTY

4.1. **License to Famous Birthdays' Intellectual Property.** The data and information made available through the Services (the "Data") are the intellectual property of Famous Birthdays. Famous Birthdays hereby grants Customer a license to make non-public, internal use of the data for Business Purposes of the Customer for the duration of the term of this Agreement. Customer shall not transfer, sell, or publicly display the data. Notwithstanding the forgoing, Customer may use the data in a manner that would otherwise be restricted by this Agreement where such Data is, through no fault of Customer's, unprotectable under applicable law.

4.2. **No License to Marks.** Nothing in this Agreement grants either party any license to use the other's trademarks, service marks, or logos.

5. **WARRANTIES**

*6.1* **FAMOUS BIRTHDAYS' DISCLAIMER OF WARRANTIES.** All information and services provided under this Agreement are provided "as is": Famous Birthdays disclaims all other warranties, whether express or implied; Famous Birthdays specifically disclaims all implied warranties of merchantability, accuracy, and fitness for a particular purpose.

6. **MUTUAL LIMITATION OF LIABILITY**

To the maximum extent permitted by applicable law, in no event shall either party be liable for any lost profits or for any indirect, incidental, special, or consequential damages arising out of or related to this Agreement, regardless of whether advised of the possibility of such damages.

7. **MUTUAL INDEMNIFICATION**

Each Party shall indemnify, defend, and hold harmless the other, including the other's directors, officers, successors and assigns, from and against all liabilities and costs arising out of any claim, suit, proceeding or cause of action against any of them by a third party resulting from (i) the indemnifying Party's negligent or intentionally wrongful acts or omissions, or (ii) any breach of the indemnifying Party's representations and warranties in this Agreement.

8. **GENERAL TERMS**

8.1. **Disputes; Governing Law; Venue.** This Agreement shall be governed by the laws of California, without regard to its conflict of law principles. The courts located in Los Angeles County, California, shall have exclusive jurisdiction over any dispute between the parties concerning this Agreement. The parties agree the venue of these courts is proper and submit to their jurisdiction, waiving any claim that such a proceeding has been brought in an inconvenient forum or that the venue of that proceeding is improper.

8.2. **No Waiver.** No failure or delay by either party in exercising any right under this Agreement shall constitute a waiver of that right.

8.3. **Entire Agreement.** This Agreement embodies the parties' entire agreement and supersedes and cancels any prior agreement, express or implied, written or oral, with respect to its subject matter.

For Famous Birthdays:

For Customer:

DocuSigned by:
*Connor Sweeney*
9DE1BED340CC4D9...

Name:

Name: Connor Sweeney

Date:                                    Date:  2/29/2024

# *EXHIBIT B*

# *EXHIBIT B*



Megan Deanne Bettles
+1 415 733 6266
MBettles@goodwinlaw.com

Goodwin Procter LLP
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111

goodwinlaw.com
+1 415 733 6000

September 4, 2024

**VIA E-MAIL: chris.beatty@katten.com**
**VIA FEDEX**

Christopher Beatty
KATTEN MUCHIN ROSENMAN LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

**Re:    Famous Birthdays' Cease and Desist Demand**

Dear Mr. Beatty:

We represent Passes, Inc. ("Passes") and write this letter on their behalf.

We carefully reviewed your letter dated August 21, 2024 (the "Letter") and find your contentions to be without merit.  Passes respects the intellectual property of others, including its vendors.  It also expects others to respect its intellectual property rights.  Because we take these issues seriously, we have investigated the claims raised by your client, Famous Birthdays, LLC ("Famous Birthdays").  After a careful review, we have determined that your clients' claims of copyright infringement and breach of contract are meritless.  Our reasoning is below.

**The Services Agreement**

Your letter incorrectly claims that Passes' access and use of the Famous Birthdays' services was unauthorized.  Passes disagrees.

The conduct described in your Letter is permissible under the March 1, 2024 agreement between Passes and Famous Birthdays (the "Services Agreement" or "Agreement").  Famous Birthdays granted Passes "a license to make non-public internal *use* of the data for Business Purposes of the Customer." (Services Agreement § 4.1 (emphasis added)).  It further authorizes Passes to "*use* the data in a manner that would otherwise be restricted by this Agreement where such Data is, through no fault of Customer's, unprotectable under applicable law." (*Id.* (emphasis added)).  Strangely, your Letter fails to recognize *any* use authorized under the Agreement – and ignores the intellectual property license provision entirely.  Your attempt to characterize the Agreement as a "license to view" or "access" "certain of Famous Birthdays' copyright protected works," as opposed to *use* certain data from Famous Birthdays, contravenes any reasonable interpretation of the Services Agreement.  Passes' use of data was exactly what the Services Agreement contemplated.



Christopher Beatty
KATTEN MUCHIN ROSENMAN LLP
September 4, 2024
Page 2


Similarly, your suggestion that Passes breached the Agreement by "access[ing] Famous Birthdays' Pro data not available under the agreement" and "creating a competing product" is baseless.  Notably, you do not even identify what this information is or how Passes accessed such data.  Indeed, the meaning of data that is "not available" is entirely unclear and not addressed anywhere in the Agreement.  Your second allegation, namely that Passes "create[ed] a competing product," is factually inaccurate.  Passes is a social content platform that helps influencers become entrepreneurs by providing a platform that allows users to access content (such as music, video, or messages), join exclusive members-only communities, purchase and sell digital and tangible merchandise and collectibles, and interact with other members.  Famous Birthdays simply offers a subscription service to access to "information about celebrities" that it "creates and collects." (Service Agreement § 1.)  The companies offer entirely different services.  Under no circumstances, could this be a breach of the Service Agreement.

## Copyright

The assertion related to copyright infringement is also baseless for a number of reasons.

First, Passes' use of the content is expressly authorized under the Services Agreement.  Because copyright infringement can only be asserted against an unauthorized use, the assertion of copyright infringement fails.

Second, Famous Birthdays is obliged to identify the specific copyrighted work it claims Passes is infringing.  Your letter does not identify a single copyright protected work.  Your general descriptions of "creator biographies and creator handles" are unavailing.  While your Letter asserts Passes infringed "certain of Famous Birthdays' copyright protected works, which have been registered with the U.S. Copyright Office," none of those works were identified.  Simply, you have not proven ownership of a valid copyright. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (discussing 17 U.S.C. § 411(a), requirements for filing suit).  Unless this threshold requirement is met, the claim cannot proceed.

Third, much of the data that Famous Birthdays provides through its subscription service is not protected by copyright and, to the extent there is any specificity in the letter, it appears Famous Birthdays is claiming copyright protection over facts instead of expression.  The Service Agreement provides, "Famous Birthdays creates and *collects information* about celebrities that it provides through its Famous Birthdays Pro subscription service." (Service Agreement § 1 (emphasis added).)  "The basic tenet of copyright law is that copyright protection is predicated upon originality. 17 U.S.C. § 102(a).  No one, however, may claim originality as to facts. Facts may be discovered, but they are not created by an act of authorship. 1 *Nimmer on Copyright* § 2.11[A]."  *Houts v. Universal City Studios, Inc.*, 603 F. Supp. 26, 28 (C.D. Cal. 1984).  It is well-settled that the public is allowed to use "facts and ideas contained in a copyrighted work." *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003).  Moreover, the Services Agreement expressly authorizes Passes to "use the data in a matter that would otherwise be restricted by this Agreement where such data is . . . unprotectable under applicable law." (Services Agreement § 4.1)).  This data includes facts or ideas unprotectable under copyright law. *See* 17 U.S.C. § 102(b).



Christopher Beatty
KATTEN MUCHIN ROSENMAN LLP
September 4, 2024
Page 3


While you failed to identify any specific "creator biographies," biographies are factual in nature. The mere inclusion of similar facts does not constitute copyright infringement. *Eldred*, 537 U.S. at 219 (2003) (public is allowed to use "facts and ideas contained in a copyrighted work."). Further, based on our investigation, we are unaware of any creator biographies written by Famous Birthdays' services being replicated on Passes platform.

Similarly, the celebrity creator handles that Famous Birthdays collects are not protected by copyright law. *See generally* 17 U.S.C. § 102 (setting forth statutory criteria for subject matter that may be copyrighted); *see also* 37 C.F.R. § 202.1(a) (listing examples of "works not subject to copyright" as "words and short phrases such as names, titles, and slogans"); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir. 2001) ("A person's name or likeness is not a work of authorship within the meaning of 17 U.S.C. § 102."); *Peters v. West*, 692 F.3d 629, 636 (7th Cir. 2012) (affirming dismissal of copyright infringement claim and stating that "the name alone cannot constitute protectable expression"). Moreover, the creator handles were likely created by the relevant celebrities or content creators – not Famous Birthdays.

Fourth, to prove copyright infringement, your client would need to prove substantial similarity between the protectible components of Famous Birthdays' copyrighted work and Passes' work. Here again, you show no such substantial similarity. The absence of similarity is no surprise as Passes biographies were created using ChatGPT, which generates its own unique outputs.

Passes' use of unprotected facts cannot constitute copyright infringement.

*     *     *     *     *

If you have specific works that you would like us to examine, please identify those. Otherwise, we consider this matter closed.

Sincerely,

*Megan Bettles*

Megan Bettles

MDB

# *EXHIBIT C*

# *EXHIBIT C*

| | |
|---|---|
| **From:** | Bettles, Megan |
| **To:** | "Beatty, Christopher"; Salim, Murad |
| **Cc:** | Chatterjee, Neel; Smith, Sharon R |
| **Subject:** | Famous Birthdays, LLC v. Passes, et al. // Correspondence (2:24-cv-08364 (C.D. Cal.)) |
| **Date:** | Friday, November 1, 2024 4:57:25 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | 2024-11-01_Letter to C_Beatty.pdf |

Counsel,

Please see the attached correspondence.

Thank you,
Megan

**Megan Bettles**



Goodwin Procter LLP
3 Embarcadero Center
San Francisco, CA 94111
o  +1 415 733 6266
f   +1 415 520 6928
MBettles@goodwinlaw.com





Neel Chatterjee
+1 650 752 3256
NChatterjee@goodwinlaw.com

Goodwin Procter LLP
601 Marshall Street
Redwood City, California  94063

goodwinlaw.com
+1 650 752 3100

November 1, 2024


**VIA E-MAIL: CHRIS.BEATTY@KATTEN.COM**

Christopher Beatty, Esq.
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010

**Re:**   *Famous Birthdays, LLC v. Passes, Inc., et al*
        **Case No. 2:24-cv-08364-CM**

Dear Chris:

In advance of the November 12, 2024, deadline for Passes, Inc. ("Passes") and Lucy Guo ("Ms. Guo," collectively, "Defendants") to respond to Famous Birthdays, LLC's ("Famous Birthdays," or "Plaintiff") Motion for Preliminary Injunction (Dkt. 11, the "Motion"), Defendants request that Plaintiff produce the following materials, referenced in your Motion and supporting papers:

1. Copies of every work protected by copyright registrations attached as Exhibits A-D to the Declaration of Evan Britton in Support of Motion for an Order Issuing a Preliminary Injunction (Dkt. 11-1, the "Britton Decl."), which Plaintiff deposited with the Copyright Office, and which Plaintiff alleges Defendants infringed.

2. Any agreements between Famous Birthdays and Passes, other than the agreement attached as Exhibit F to the Britton Declaration.  *See also* Declaration of Kevin Ostrowski in Support of Motion for an Order Issuing a Preliminary Injunction (Dkt. 10-1, the "Ostrowski Decl."), ¶ 14.

3. Forensically sound version of any electronic material that Famous Birthdays forensically reviewed in preparing the Motion and/or supporting papers.  *See, e.g.*, Britton Decl., ¶ 25.

4. Logs sufficient to show each "search" conducted by Passes within the Famous Birthdays Pro services.  *See* Ostrowski Decl., ¶ 16.

5. Access logs by API endpoint that show calls made by Passes.  *See, e.g.,* Ostrowski Decl., Ex. D.

6. Copies of all "source code" that Plaintiff contends Passes "pulled up," and/or "extracted" information from.  *See* Ostrowski Decl., ¶¶ 26, 27, 29, 35.



Christopher Beatty, Esq.
November 1, 2024
Page 2

7. Copies of the "tens of thousands of screenshots from Passes Wiki." *See* Britton Decl., ¶ 27.

8. Copies of the data or documents considered by Mr. Britton in his "analysis [that] has shown that Passes Wiki is diverting hundreds of thousands of viewers every month away from Famous Birthdays," and documents showing that "This is causing [Famous Birthdays] to lose long-term revenue.." *See* Britton Decl., ¶ 70.

9. Copies of the "third-party analytical data" Mr. Britton reviewed that Famous Birthdays contends "shows that Passes is diverting hundreds of thousands of visitors to Passes Wiki, which visitors would otherwise be visitors of Famous Birthdays." *See* Britton Decl., ¶ 72.

10. Documents sufficient to show that the 106,124 scraped biographies are Famous Birthdays' "most popular bios." *See* Ostrowski Decl., ¶ 32.

11. Copies of the "access logs [that] reflect that Passes used an automated script that pretended to be an authorized human Passes user." *See* Ostrowski Decl., ¶ 34.

12. All documents underlying Famous Birthdays' technical analysis of Passes' access, including the documents supporting Famous Birthdays' contention that the "internal API endpoint" "was taken from our back-end source code." *See* Ostrowski Decl., ¶ 35.

13. Documents showing the "investment" and actions taken by Famous Birthdays that has allowed it to "gain . . . valuable search engine positioning that drives user to its website." *See* Britton Decl., ¶ 66.

Please produce, **by November 8, 2024 at 5:00 pm PT**, each of the above-identified documents and information. Given that this evidence is all referenced within the Motion and/or the concurrently filed Britton and Ostrowski Declarations, we expect that it can be readily compiled and transmitted. Our investigation is on-going and Defendants may follow-up with further requests.

Defendants reserve all rights and waive none. Nothing in this letter should be construed as admission.

Best regards,

Goodwin Procter LLP

Neel Chatterjee

# *EXHIBIT D*

# *EXHIBIT D*

| From: | Salim, Murad |
| --- | --- |
| To: | Bettles, Megan; Beatty, Christopher |
| Cc: | Chatterjee, Neel; Smith, Sharon R |
| Subject: | RE: Famous Birthdays, LLC v. Passes, et al. // Correspondence (2:24-cv-08364 (C.D. Cal.)) |
| Date: | Tuesday, November 12, 2024 9:09:58 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |

***EXTERNAL***

Hi Megan,

We are looking into your letter.  Do you have any authority to support the request for documents?

Best,
Murad

**Murad Salim**
Associate

# Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100 | Los Angeles, CA 90067-5010
direct +1.310.788.4415
murad.salim@katten.com | katten.com

---

**From:** Bettles, Megan <MBettles@goodwinlaw.com>
**Sent:** Friday, November 1, 2024 4:58 PM
**To:** Beatty, Christopher <chris.beatty@katten.com>; Salim, Murad <murad.salim@katten.com>
**Cc:** Chatterjee, Neel <NChatterjee@goodwinlaw.com>; Smith, Sharon R <SharonSmith@goodwinlaw.com>
**Subject:** Famous Birthdays, LLC v. Passes, et al. // Correspondence (2:24-cv-08364 (C.D. Cal.))

*EXTERNAL EMAIL – EXERCISE CAUTION*

Counsel,

Please see the attached correspondence.

Thank you,
Megan

**Megan Bettles**



Goodwin Procter LLP
3 Embarcadero Center

San Francisco, CA 94111
o  +1 415 733 6266
f  +1 415 520 6928
MBettles@goodwinlaw.com



**********************************************************************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
**********************************************************************


=========================================================
CONFIDENTIALITY NOTICE:
This electronic mail message and any attached files contain information intended for the exclusive
use of the individual or entity to whom it is addressed and may contain information that is
proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you
are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or
distribution of this information may be subject to legal restriction or sanction. Please notify
the sender, by electronic mail or telephone, of any unintended recipients and delete the original
message without making any copies.
=========================================================
NOTIFICATION: Katten Muchin Rosenman LLP is an Illinois limited liability partnership that has
elected to be governed by the Illinois Uniform Partnership Act (1997).
=========================================================