UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 24-8364-CBM-(SSCx) |
| Date | November 14, 2024 |
| Title | *Famous Birthdays, LLC v. Passes, Inc. et al.* |

Present: The Honorable **CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE**

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: APPLICATIONS TO SEAL RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The matters before the Court are the parties' applications to seal in connection with Plaintiff's Motion for Preliminary Injunction. (Dkt. Nos. **9, 22**.)

Plaintiff requests leave to file under seal exhibits B, C and D to the declaration of Kevin Ostrowski filed in support of Plaintiff's Motion for Preliminary Injunction. Exhibit B "consists of API instructions Famous Birthdays provided to Passes, in connection with the services agreement between the parties," which Plaintiff submit evidence demonstrating are not publicly available, are only provided to paying Famous Birthdays' customers subject to contractual terms, and if made publicly available would risk competitive harm. Exhibit C "consists of a screenshot from Famous Birthdays' paywalled 'Famous Birthdays Pro' website" which Plaintiff submits evidence is only accessible to paying clients and is subject to contractual terms and Terms of Use, and also "shows the back-end source code that populates Famous Birthdays" to retrieve information meant for Famous Birthdays personnel. Exhibit D is "the access log showing that Passes pinged Famous Birthdays' API, with the internal API call . . . taken from the Famous Birthdays Pro source code," and Plaintiff demonstrates the public display of such information would risk competitive harm. Therefore, Plaintiff demonstrates good cause exists to seal unredacted versions of Exhibits B, C and D to declaration of Kevin Ostrowski filed in support of Plaintiff's Motion for Preliminary Injunction. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (good cause standard applies for applications to seal re: non-dispositive motions).

Defendants request leave to file under seal portions of paragraph 33 of the Declaration of Markus Jakobsson, Ph.D., filed in support of their opposition to Plaintiff's Motion for Preliminary Injunction which quotes from Exhibits B and D to the declaration of Kevin Ostrowski filed by Plaintiff in support of its Motion for Preliminary Injunction. Defendants state they take "no position on the proprietary nature of the information" reflected in paragraph 33 of Jakobsson's declaration, but that counsel for Plaintiff contends such information is confidential for the reasons set forth in Plaintiff's application to seal Plaintiff's counsel's supporting declaration thereto. Because the Court finds good cause exists to seal unredacted versions of Exhibits B and D to Ostrowski's declaration, good cause also exists to seal paragraph 33 of Jakobsson's declaration which quotes Exhibits B and D of Ostrowski's declaration. *See Kamakana*, 447 F.3d at 1179-80.

Accordingly, the applications to seal (Dkt. Nos. 9, 22) are **GRANTED**. Pursuant to L.R. 79-5.2.2, the respective party shall "file the sealed document [which are the subject of this Order] pursuant to 79-5.2.2(c). The Clerk will not convert the PROPOSED sealed document submitted with the Application into a new filing." (L.R. 79-5.2.2.)

**IT IS SO ORDERED.**