Christopher Beatty (State Bar No. 266466)
chris.beatty@katten.com
Murad Salim (State Bar No. 342747)
murad.salim@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone: (310) 788-4400
Facsimile:  (310) 788-4471

*Attorneys for Plaintiff Famous Birthdays, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants | Case No. 2:24-cv-08364-CBM-SSC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT PASSES, INC.'S EVIDENTIARY OBJECTIONS TO IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Filed concurrently with Reply; Declaration of Evan Britton; and Evidentiary Objections]<br><br>Date:           December 3, 2024<br>Time:          10:00 A.M.<br>Courtroom:   8D<br>Judge:         Consuelo B. Marshall<br><br>Assigned to Judge Consuelo B. Marshall, Magistrate Judge Stephanie S. Christensen<br><br>Action Filed: September 27, 2024<br>Trial Date:    None Set |

## RESPONSES TO EVIDENTIARY OBJECTIONS

Defendant Passes, Inc.'s Evidentiary Objections to the Declarations of Kevin Ostrowski and Evan Britton (Dkt. No. 25-6 (the "Objections")) should be rejected as they fail to establish that the matter stated in the challenged declarations are inadmissible for the purposes offered, particularly in light of the applicable evidentiary standard for a motion for preliminary injunction.

In ruling on a motion for preliminary injunction, such a motion is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The relaxed evidentiary standard on motion for preliminary injunction is underscored by the fact that a court may even consider evidence that would be inadmissible at trial if doing so would prevent irreparable harm before trial. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.").

Passes, Inc. ("Passes") characterizes matters within the declarants' rational perception. For example, Passes describes Kevin Ostrowski's statement that Famous Birthdays' "data is valuable to companies" as improper expert testimony. (Obj. at 2:1-7.) This statement is well rationally based on Mr. Ostrowski's perception as Famous Birthdays' CTO for nearly a decade, given that companies— including Passes—routinely pay Famous Birthdays to use its data. This is not an expert opinion based on scientific, technical, or otherwise specialized knowledge, but a fact that Passes cannot even reasonably dispute. Similarly, Passes describes Mr. Britton's statement that Passes' public display of infringing bios from Famous Birthdays is "undermining [Famous Birthdays'] ability to protect [its] intellectual property and rendering it vulnerable to unauthorized use and further exploitation" as

1 an expert opinion.  (Obj. at 2:7-10.)  Again, this is well within Mr. Britton's rational

2 perception as the CEO of Famous Birthdays—Passes' act of placing infringing bios

3 on the open web necessarily impacts Famous Birthdays' ability to protect those bios,

4 and necessarily renders them vulnerable to further exploitation and use.  Expert

5 testimony is not necessary to establish these basic facts.

6     Passes also argues that the declarations include legal conclusions, such as how

7 to interpret the contract between Passes and Famous Birthdays.  (Obj. at 2:18-3:2.)

8 Of course, Famous Birthdays has provided a true and correct copy of the contract at

9 issue to the Court, as well as the facts supporting statements about breaches and

10 infringement.

11     Famous Birthdays requests the Objections be overruled in their entirety as

12 further set forth below:

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 1.     The public website contains a robust Terms of Service, which emphasizes that the bios are the intellectual property of Famous Birthdays. Ostrowski Decl., 6. | **Fed. R. Evid. 602**. This statement lacks foundation. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to | The referenced Terms of Service are attached to The Declaration of Evan Britton as Exhibit E, thus are available for the Court to review. |

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | interpret the Terms of Service. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 1002.** Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 2.    This data is valuable to companies, including because companies can use the bios to find influencers relevant to their marketing needs. Ostrowski Decl., ¶ 9. | **Fed. R. Evid. 602.** Without any foundational support, Mr. Ostrowski opines that the "data is valuable to companies," and "companies can use the bios to find influencers relevant to their marketing needs." | Mr. Ostrowski, having worked at Famous Birthdays for nearly a decade, has a foundation for his statement that Famous Birthdays' data is valuable to companies, including stating that customers use |

4

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | **Fed. R. Evid. 702**. Mr. Ostrowski is not a qualified expert in valuing data or assessing its relevance to unspecified companies. Further, Mr. Ostrowski's opinion that the "data is valuable" or "relevant" is not supported by reliable principles or methods. Mr. Ostrowski's opinion will not assist the trier of fact to understand the evidence or determine a fact in issue. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | the data to find influencers relevant to their marketing needs; this is not scientific, technical, or other specialized knowledge, but is within Mr. Ostrowski's rational perception.  Fed. R. Evid. 701. |
| 3.    This service allows these clients access to select portions of Famous Birthdays' data, as negotiated for and set | **Fed. R. Evid. 602**.  A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness | The means by which Famous Birthdays provides data to its customers pursuant to a contract is well-within Mr. Ostrowski's rational perception, in his |

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| forth in the terms of their contract. Ostrowski, ¶ 10. | is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the Terms of Service. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 1002**. Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | role as CTO of Famous Birthdays. Fed. R. Evid. 701. |
| 4.     Famous Birthdays provides Famous Birthdays Pro customers | **Fed. R. Evid. 602**. A witness must lay a foundation before offering | The means by which Famous Birthdays provides data to its customers |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| two methods to access data provided for in their contractual agreement. Ostrowski, ¶ 11. | testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "contractual agreement." **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 1002**. Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | pursuant to a contract is well-within Mr. Ostrowski's rational perception, in his role as CTO of Famous Birthdays.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 5.     [W]hen it has been contractually agreed to (as was the case with Passes), a Famous Birthdays Pro customer is provided limited access to Famous Birthdays' API, which is another means to access Famous Birthdays' data. Ostrowski, ¶ 14. | **Fed. R. Evid. 602**.  A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "contractual agreement." **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an | The means by which Famous Birthdays provides data to its customers pursuant to a contract is well-within Mr. Ostrowski's rational perception, in his role as CTO of Famous Birthdays.  Fed. R. Evid. 701. |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 6.      The API and dashboard function similarly, and are both curated to technologically limit the accessible data to the same limits set forth in the customer's contract with Famous Birthdays. Ostrowski Decl., ¶16 | **Fed. R. Evid. 602**.  A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "customer's contract with Famous Birthdays." **Fed. R. Evid. 701, 702**. Lay witnesses may only offer opinions that are | The means by which Famous Birthdays provides data to its customers pursuant to a contract is well-within Mr. Ostrowski's rational perception, in his role as CTO of Famous Birthdays.  Fed. R. Evid. 701. |

9

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | rationally based on their perception and helpful to understanding their testimony.  According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video.  Without any foundational support, Mr. Ostrowski opines on how APIs and the dashboard function to impose background technological limitations.  **Fed. R. Evid. 703**.  Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case.  **Fed. R. Evid. 1002**.  In addition, Mr. Ostrowski's statement violates the Best Evidence Rule.  An original | |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | writing, recording, or photograph is required in order to prove its content. | |
| 7.      Thus, if a contract limits a customer to a certain number of monthly searches of profiles of celebrities and influencers, both the dashboard and the API calls contain a technical limit that prevents the customer from exceeding their authorized search limit. | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "contract limits." **Fed. R. Evid. 701, 702**. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a | The means by which Famous Birthdays provides data to its customers pursuant to a contract is well-within Mr. Ostrowski's rational perception, in his role as CTO of Famous Birthdays.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND
BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | focus on 3D modeling/ animation and FX for film and video. Without any foundational support, Mr. Ostrowski opines on how API's and the dashboard function to impose background technological limitations. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 8.      There are also Terms of Service on Famous Birthdays Pro that further advise customers | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular | Mr. Ostrowski attached a true and correct copy of these Terms of Service to |

12

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| of the limitations on their use of the platform. Ostrowski Decl., ¶ 17. | facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the Terms of Service. **Fed. R. Evid. 701, 702.** Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | his Declaration as Exhibit A. |
| 9.    After Famous Birthdays and Passes entered into the Services | **Fed. R. Evid. 602.** Mr. Ostrowski's statement is conclusory, speculative, and | As CTO, Mr. Ostrowski was responsible for providing this access to |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

**Katten**

13

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| Agreement between Famous Birthdays and Passes on or about March 29, 2024 (the "Services Agreement"), Famous Birthdays provided limited API access and Famous Birthdays Pro login details to Passes. Ostrowski Decl., ¶ 18. | not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | Passes, this it is well-within Mr. Ostrowski's rational perception.  Fed. R. Evid. 701. |
| 10.    These seven API calls are limited in their functionality consistent with the contractual | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal | As the CTO of Famous Birthdays, who is in charge of writing and overseeing its API (Ostrowski Decl. ¶ |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| limitations in the Services Agreement. | knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. Without any foundational support, Mr. Ostrowski opines on how APIs and the | 3), the functionality of the API calls that he wrote is well-within Mr. Ostrowski's rational perception. Fed. R. Evid. 701. |

15

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | dashboard function to impose background technological limitations. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 11.   For its own internal use, Famous Birthdays has separate internal API endpoints, as is common for most websites. Ostrowski Decl., ¶ 23. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement that separate internal API endpoints are "common for most websites" is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this | As the CTO of Famous Birthdays, who is in charge of writing and overseeing its API (Ostrowski Decl. ¶ 3), the functionality of the API calls that he wrote is well-within Mr. Ostrowski's rational perception.  Fed. R. Evid. 701. |

16

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. | |
| 12.    These separate internal API endpoints were not shared with Passes, or any Famous Birthdays Pro customers | **Fed. R. Evid. 602.** Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has | As the CTO of Famous Birthdays, who is in charge of writing and overseeing its API (Ostrowski Decl. ¶ 3), the functionality of the API calls that he wrote is |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| for that matter. Ostrowski, ¶ 25. | the knowledge necessary to reach the stated conclusion. | well-within Mr. Ostrowski's rational perception. Fed. R. Evid. 701. |
| 13.    Passes accessed the Famous Birthdays Pro dashboard, using Guo's login credentials. Ostrowski Decl., ¶ 26 | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | Mr. Ostrowski offers a fact within his rational perception, and provides a screenshot showing Ms. Guo's credentials as performing 106,000 lookups on Famous Birthdays Pro during the relevant time period. Fed. R. Evid. 701 |
| 14.    Once logged in, a person sophisticated in computer science pulled up Famous Birthdays' source code, which can only be done by accessing Famous Birthdays' backend code or reverse engineering its system. Ostrowski Decl., ¶ 26 | **Fed. R. Evid. 701, 702**. This statement also includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2-4) and has significant experience as a systems administrator and developer, lead architect, software engineer and now |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. | a CTO—thus the testimony offered is pursuant to his rational perception.  Fed. R. Evid. 701.  Moreover, Passes' opposition has confirmed that they used the API call for "rank graph" data that was only available through the source code, rather than using the API calls provided in the documentation given to Passes pursuant to the Services Agreement. |
| 15.    This person then looked over the various internal API calls used to generate the webpage. This person located the API call for historical rank graph data for a given celebrity or influencer. Ostrowski Decl., ¶ 27. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2-4) and has significant experience as a systems administrator and developer, lead architect, software engineer and now a CTO—thus the testimony |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

19

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | **Fed. R. Evid. 701, 702.** This statement also includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. **Fed. R. Evid. 703.** Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | offered is pursuant to his rational perception. Fed. R. Evid. 701. Moreover, Passes' opposition has confirmed that they used the API call for "rank graph" data that was only available through the source code, rather than using the API calls provided in the documentation given to Passes pursuant to the Services Agreement. |
| 16.    But, instead of using one of the API calls provided to Passes pursuant to the contract, Passes instead used the | **Fed. R. Evid. 602.** Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2- |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| historical rank graph API call that it had surreptitiously extracted from the Famous Birthdays source code while logged into the dashboard. Ostrowski Decl., ¶ 29. | does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702.** This statement also includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. **Fed. R. Evid. 703.** Mr. Ostrowski's statement also improperly offers an | 4) and has significant experience as a systems administrator and developer, lead architect, software engineer and now a CTO—thus the testimony offered is pursuant to his rational perception. Fed. R. Evid. 701. Moreover, Passes' opposition has confirmed that they used the API call for "rank graph" data that was only available through the source code, rather than using the API calls provided in the documentation given to Passes pursuant to the Services Agreement. Moreover, Mr. Ostrowski has provided, as Exhibit D to his Declaration, the API call logs proving this fact. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
| --- | --- | --- |
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | opinion on an ultimate issue in the case. | |
| 17.    A true and correct copy of Famous Birthdays' internal dashboard reflecting the over 106,000 lookups by Guo is attached hereto as Exhibit E. Ostrowski Decl., ¶ 30. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 1002**.1n addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | Mr. Ostrowski has attached the best evidence—the actual screenshot of the dashboard to his Declaration as Exhibit E. As CTO of Famous Birthdays, this dashboard is clearly within his rational perception.  Fed. R. Evid. 701. |
| 18.    These lookups could not have been performed with the API documentation provided to Defendants as part of the Services Agreement, Ostrowski Decl., ¶ 31. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2-4) and has significant experience as a systems administrator and developer, lead architect, |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | software engineer and now a CTO—thus the testimony offered is pursuant to his rational perception.  Fed. R. Evid. 701.  Moreover, Passes' opposition has confirmed that they used the API call for "rank graph" data that was only available through the source code, rather than using the API calls provided in the documentation given to Passes pursuant to the Services Agreement |
| 19.    The URL list of our bios, and their relative ranking by traffic, are not provided as part of Famous Birthdays Pro, and were not provided in the API documentation | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2-4), it is within Mr. Ostrowski's rational |

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| given to Defendants in connection with the Services Agreement. Ostrowski Decl., ¶ 32. | **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. | perception what is provided to Famous Birthdays' customers, including Passes.  Fed. R. Evid. 701. |
| 20.    The only way Defendants could have accessed our URL list is by seeking to exploit our sitemap. Ostrowski Decl., ¶ 33. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has | As the CTO of Famous Birthdays, Mr. Ostrowski is the individual in charge of its source code and API calls (Ostrowski Decl. ¶¶ 2-4) and has significant experience as a systems administrator and developer, lead architect, software engineer and now |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling/animation and FX for film and video. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | a CTO—thus the testimony offered is pursuant to his rational perception as to where such URL lists of Famous Birthdays' bios would be available.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 21.    Famous Birthdays registered creative works of authorship with the United States Copyright Office in October 2018, October 2021, and February 2022, and it corrected its October 2018 registration through a supplemental registration in February 2022 as well. Britton Decl., ¶ 6. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 1002**. In addition, Mr. Britton's | As CEO of Famous Birthdays, Mr. Britton is fully aware of when he registered his company's copyrights.  Fed. R. Evid. 701.  Moreover, Mr. Britton ahs provided the copyright registrations as Exhibits A-D. |

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 22.    Exhibits A, B, C, D. Britton Decl., ¶¶ 7-10. | **Fed. R. Evid. 602**. Mr. Britton's statement about Exhibits A, B, C, and D is conclusory, speculative, and not based on personal knowledge. **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | It is unclear how providing authenticated copies of copyright registrations is somehow speculative or violative of the Best Evidence Rule. |
| 23.    The Terms of Use available on Famous Birthdays' website also inform its users that its "platform contains copyrighted material including, but not limited | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about | Mr. Britton provided a copy of these Terms of use as Exhibit E to his Declaration. |

27

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| to, text and video." Britton Decl., ¶ 11 | the matter at hand. Mr. Britton is not an attorney and thus is unqualified to interpret the Terms of Use. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. In addition, **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 24.    The Terms of Use condition all access to and use of Famous Birthdays' platform on compliance with an express | **Fed. R. Evid. 602**. This statement lacks foundation. A witness must lay a foundation before offering testimony about particular | Mr. Britton provided a copy of these Terms of use as Exhibit E to his Declaration. |

28

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| prohibition from "publishing, transmitting, archiving, or exploiting the content published on our platform." Britton Decl., ¶ 11 | facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Britton is not an attorney and thus is unqualified to interpret the Terms of Use. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 703.** Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002.** In addition, Mr. Britton's statement violates the Best Evidence Rule. An original | |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

29

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | writing, recording, or photograph is required in order to prove its content. | |
| 25.    As a result of its early and sustained investment in the booming "creator economy," companies seek to enter into license agreements with Famous Birthdays to access its data it obtains by monitoring user activity, and bios to determine which influencers are most applicable to their marketing needs. Britton Decl., ¶ 12 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. | As founder and CEO of Famous Birthdays, the company's business model and customer base are clearly within his rational perception, including why customers seek out Famous Birthdays.  This is well within his rational perception and does not require scientific, technical or highly specialized knowledge.  Fed. R. Evid. 701. |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | Britton has a background in marketing. | |
| 26.    Famous Birthdays entered into a limited services agreement (the "Services Agreement") with Defendant Passes, Inc. ("Passes") on March 1, 2024, giving it access to Famous Birthdays Pro. Britton Decl., ¶ 14. | **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | The Services Agreement is provided as Exhibit F to Mr. Britton's Declaration. |
| 27.    The Services Agreement limits Passes to 2,500 bio lookups per month. Britton Decl., ¶ 16. | **Fed. R. Evid. 602**. Mr. Britton does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. Mr. Britton is not an attorney and thus is | The Services Agreement is provided as Exhibit F to Mr. Britton's Declaration. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | unqualified to interpret the Terms of Service. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 28.    Famous Birthdays' internal dashboard reflects that Defendant Lucy Guo ("Guo" and with Passes, "Defendants")—alone ran 106,124 lookups in the month of April. Britton Decl., ¶ 16. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | A screenshot of the internal dashboard confirming these facts is attached to Mr. Britton's Declaration as Exhibit JJ. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. Mr. Bitton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 29.    After entering into the Services Agreement, I learned that Passes | **Fed. R. Evid. 602**. Mr. Britton does not offer any specific facts to support this | It is not hearsay for Mr. Britton to state that he accessed the Passes Wiki |

33

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| launched a website to compete with Famous Birthdays — www.passes.com/wiki. Britton Decl., ¶ 17 | conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 802**. Hearsay is not admissible. Mr. Britton does not explain how he learned that Passes launched a website, but he impermissibly offers this out of court statement to prove as true that Passes launched a website to compete with Famous Birthdays. **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | website.  Mr. Britton has also included countless screenshots from the website as exhibits to his declaration.  Moreover, Passes' Opposition concedes that it launched this website. |
| 30.     [A]ll of which are copied from the corresponding bios from | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and | Mr. Britton is testifying based on his rational perception, and has |

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| Famous Birthdays. Britton Decl., ¶ 18 | not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Bitton's statement also improperly offers an opinion on an ultimate issue in the case. | provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 31.    Based on my review of the bios on Passes wiki, it's clear that Passes compiled a list of over 100,000 URLs unique to Famous Birthdays' website to use to copy Famous Birthdays' bios Britton Decl., ¶ 20 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.

**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.

**Fed. R. Evid. 703**. Mr. Britton's statement also | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND
BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

301980917

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | improperly offers an opinion on an ultimate issue in the case. | |
| 32.    Famous Birthdays staff, including myself personally, have identified tens of thousands of bios featured on Passes Wiki that reflect data and copyrighted bios stolen from Famous Birthdays. Britton Decl., ¶ 21 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 33.     The result is that Passes Wiki—a public website—now displays over 100,000 bios that are virtually identical to Famous Birthdays' copyrighted bios. Britton Decl., ¶ 22 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | |
| 34.    To my knowledge, Passes Wild did not exist when Famous Birthdays entered into the Services Agreement with Passes. It appears Passes Wiki was only launched after, and using the data obtained from, the wholesale theft of Famous Birthdays' bios. Britton Decl., ¶ 23 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.  **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |
| 35.    It appears to solely exist to confuse search engines, driving traffic | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and | Mr. Britton is testifying based on his rational perception, and has |

301980917

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| from Famous Birthdays to Passes Wiki by being a featured search result, which then allows Passes to promote its core business of a subscriber database to connect influencers and creators with companies and fans. Britton Decl., ¶ 24 | not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. |
| 36.      Famous Birthdays' forensic analysis revealed that its API was pinged 106,124 times, each time with a unique URL query | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not | Mr. Britton is testifying based on his rational perception, and the API call logs reflecting the forensic analysis referenced are |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| that would bring up a different profile, such that a bio was brought up and scraped one by one every 2 seconds between April 14, 2024 and April 20, 2024. Britton Decl., ¶ 25 | offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | attached as Exhibit D to the Ostrowski Declaration. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |
| 37.    The foregoing frequency could not feasibly be achieved by an individual searching for profiles manually and could only be done through use of an | **Fed. R. Evid. 602.** Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor | Mr. Britton is testifying based on his rational perception, and the API call logs reflecting the forensic analysis referenced are attached as Exhibit D to the Ostrowski Declaration. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| automated script. Britton Decl., ¶ 26 | does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |
| 38.     At my direction, Famous Birthdays' staff has taken tens of thousands of screenshots | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal | Mr. Britton is testifying based on his rational perception, and has provided underlying |

42

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| from Passes Wiki that reflect bios that have been stolen from Famous Birthdays. These bios contain virtually all of the same biographical details, with identical or near-identical wording, exclude the same biographical details, and—where the wording differs, it appears it only differs because the Famous Birthdays' bio was fed into a chatbot, which made superficial tweaks to it before it was featured on Passes Wiki. Britton Decl., ¶ 27 | knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 39.    Defendants' attorneys admitted to their use of a chatbot in response to a cease and desist letter from counsel for Famous Birthdays. Britton Decl., ¶ 28. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. Mr. Britton does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 803**. Hearsay is impermissible. Mr. Britton's statement that "Defendants' attorneys admitted" is an impermissible out of court statement used to prove the truth of the statement. | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |
| 40.    Even where Famous Birthdays puts a random profession in a URL—something which it rarely utilizes for mainstream stars—Passes | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to | Mr. Britton is testifying based on his rational perception, and has provided underlying screenshots confirming the copying of Famous |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

**Katten**

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| also exactly copies the URL[.] Britton Decl., ¶ 64 | support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Birthdays' bios by Passes. Fed. R. Evid. 701. Moreover, Passes' Opposition, including the Declaration of Patrick Zhang, confirms that Passes scraped Famous Birthdays' bios, fed them into ChatGPT, and then used the results to launch Passes Wiki. |
| 41.    Famous Birthdays investment into this space for well over a decade has | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and | Mr. Britton is testifying based on his rational perception of Famous |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

**Katten**

45

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| gained Famous Birthdays valuable search engine positioning that drives users to its website. Britton Decl., ¶ 66. | not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic.  Fed. R. Evid. 701. |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

**Katten**

46

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| 42.     Passes Wiki is now actively competing with the core offering of our business by publicly displaying bios—which it wrongfully took from Famous Birthdays—on a public-facing website in a similar format to Famous Birthdays. This is creating significant confusion with search engines, by featuring Famous Birthdays' proprietary information, structure, and even URL scheme. Britton Decl., ¶ 67. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as the competition posed by a public-facing Wiki that displays its bios.  Fed. R. Evid. 701. |

47

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | improperly offers an opinion on an ultimate issue in the case. | |
| 43.    Search engine traffic is an essential part of Famous Birthdays' business, and Passes Wiki is actively usurping our search engine positioning, thus diverting traffic from our website. Britton Decl., ¶ 68 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

Katten

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
|  | Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. |  |
| 44.    The longer Passes' infringing bios are live on Passes Wiki and indexed by major search engines, the more difficult it will be to unwind the long-term harm on our search engine optimization ("SEO"), as we will continue to lose our valuable search engine positioning that we have obtained through SEO efforts over the last 12.5 years. Britton Decl., ¶ 68 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

49

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 45.    The longer Passes Wiki remains on the open web, infringing Famous Birthdays' Works unabated, the more difficult it will be to unwind the harm done to Famous Birthdays' position as the premiere source of bios in the format that we have developed and perfected over 12.5 years. Britton Decl., ¶ 69 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 46.    My analysis has shown that Passes Wiki is diverting hundreds of thousands of viewers every month away from Famous Birthdays. Every viewer diverted away from Famous Birthdays is also a potential long-term customer. This is causing us to lose long-term | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| revenue. Britton Decl., ¶ 70. | **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703.** Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Passes Wiki launched. Fed. R. Evid. 701. |
| 47.    Passes' infringement has impacted Famous Birthdays' SEO, confusing search engines. Britton Decl., ¶ 71. | **Fed. R. Evid. 602.** Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates |

52

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
|  | that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |
| 48.    My analysis, including third-party analytical data I have reviewed, shows that Passes is diverting | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| hundreds of thousands of visitors to Passes Wiki, which visitors would otherwise be visitors of Famous Birthdays. Britton Decl., ¶ 72. | offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703.** Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 803.** Hearsay is impermissible. Mr. | is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched. Fed. R. Evid. 701. |

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | Britton refers to unidentified "third-party analytical data," which is an out-of-court statement to prove the truth of his statement. | |
| 49.    For some keyword searches, Passes ranks above Famous Birthdays in search results for Famous Birthdays' own biographical listing, and in some cases, Passes is shown in the featured snippets, instead of Famous Birthdays, and in other cases Passes Wiki is a result below Famous Birthdays, but still on the same page, which also causes confusion. Britton Decl., ¶ 73. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 50.    Passes is diverting hundreds of thousands of users per month away from Famous Birthdays, which is causing Passes to lose potential long- term users and future revenue. Britton Decl., ¶ 76. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 51.    Indeed, Passes Wiki includes sign-up and referral buttons, attempting to gain long-term loyal users for Passes' services through its use of Famous Birthdays' copyrighted bios. Every such user is a potential Famous Birthdays user that Famous Birthdays may | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| not be able to recapture. Britton Decl., ¶ 76. | improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 52.    The harm will continue to compound until Passes' infringement is put to an end. Britton Decl., ¶ 77. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| | necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701. |
| 53.    Passes' infringement, which is publicly putting Famous Birthdays' copyrighted bios on the open web, without any Terms of Service, notice of copyright protections, or other warnings to the public, is also devaluing Famous Birthdays' | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| intellectual property. Britton Decl., ¶ 78. | **Fed. R. Evid. 701, 702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703.** Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Passes Wiki launched.  Fed. R. Evid. 701.  Moreover, Mr. Britton is well-aware of efforts he has undertaken to protect Famous Birthdays' intellectual property and the damage to those efforts caused by Passes' publicly displaying the bios without any protections. |
| 54.    Passes Wiki users can now manipulate and misuse the content on Passes Wiki, as they have no notice whatsoever that the content is itself infringing on Famous Birthdays' copyrighted | **Fed. R. Evid. 602.** Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how his own website generates |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| Works—the bios are simply presented on Passes Wiki without any restrictions on public use of them. This is severely undermining our ability to protect our intellectual property and rendering it vulnerable to unauthorized use and further exploitation. Britton Decl., ¶ 79. | that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched.  Fed. R. Evid. 701.  Moreover, Mr. Britton is well-aware of efforts he has undertaken to protect Famous Birthdays' intellectual property and the damage to those efforts caused by Passes' publicly displaying the bios without any protections. |
| 55.    This is also creating confusion for users, by devaluing our IP on the public web, as Passes Wiki is presenting | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he |

301980917

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| these bios without any protections. Britton Decl., ¶ 80 | offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | is well-aware of its search engine positioning and how his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched. Fed. R. Evid. 701. Moreover, Mr. Britton is well-aware of efforts he has undertaken to protect Famous Birthdays' intellectual property and the damage to those efforts caused by Passes' publicly displaying the bios without any protections. |
| 56.    Passes Wiki is actively hurting Famous Birthdays Pro's marketing pitch, which relies on first-party proprietary bios that can only be leveraged | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor | Mr. Britton is testifying based on his rational perception of Famous Birthdays' business model, as its CEO and founder—he is well-aware of its search engine positioning and how |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND
BRITTON DECLARATIONS

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

301980917

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| DECLARATION OF EVAN BRITTON (DKT. 11-1) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |
| within Famous Birthdays Pro. Britton Decl., ¶ 81. | does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | his own website generates user traffic, as well as third-party analytics reflecting the loss of traffic after Passes Wiki launched. Fed. R. Evid. 701. Moreover, Mr. Britton is well-aware of efforts he has undertaken to protect Famous Birthdays' intellectual property and the damage to those efforts caused by Passes' publicly displaying the bios without any protections. |

| DECLARATION OF EVAN BRITTON (DKT. 10) | | |
|---|---|---|
| **Material Objected To:** | **Grounds for Objection:** | **Response:** |

301980917

| 57.    Exhibits B, C, and D to the Ostrowski Declaration contain Famous Birthdays' confidential source code and Application Programming Interface ("API") calls. Britton Decl. ISO Sealing, ¶ 2. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

301980917

| | improperly offers an opinion on an ultimate issue in the case. | |
|---|---|---|
| 58. Declaration Exhibit B consists of API instructions Famous Birthdays provided to Defendant Passes, Inc. ("Passes"), in connection with the services agreement between the parties. These API instructions are not publicly available and are only provided to paying Famous Birthdays' customers, subject to strict contractual terms. Britton Decl. ISO Sealing, ¶ 3. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

301980917

| | photograph is required in order to prove its content. | |
|---|---|---|
| 59.    These instructions allow clients to access Famous Birthdays' API by pinging it with specified "calls" that then retrieve information from Famous Birthdays' API. Britton Decl. ISO Sealing, ¶ 4. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Mr. Britton has a marketing background. Lay witnesses may only offer opinions that are rationally based on their | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

| | perception and helpful to understanding their testimony. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| --- | --- | --- |
| 60.    The information contained in Famous Birthdays' API includes its copyrighted biographies of over 100,000 celebrities and influencers, which are the backbone of its business. Britton Decl. ISO Sealing, ¶ 5. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

| | | |
|---|---|---|
| | offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Mr. Britton has a marketing background. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or | |

301980917

| | photograph is required in order to prove its content. | |
|---|---|---|
| 61.     Allowing Famous Birthdays' API call instructions to be publicly available would render its API vulnerable to security breaches and would also allow competitors to view how it constructs its API. Britton Decl. ISO Sealing, ¶ 6. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

| | | |
|---|---|---|
| | improperly offers an opinion on an ultimate issue in the case. | |
| 62.    Ostrowski Declaration Exhibit C consists of a screenshot from Famous Birthdays' paywalled "Famous Birthdays Pro" website, which is only accessible to paying clients, subject to strict contractual terms and Terms of Use. This screenshot also shows the back-end source code that populates Famous Birthdays Pro, including Famous Birthdays' internal API calls that can be used to ping Famous Birthdays' API and retrieve information that is only meant for Famous Birthdays personnel. Britton Decl. ISO Sealing, ¶ 7. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| | | |
|---|---|---|
| | **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 63.    Ostrowski Declaration Exhibit D is the access log showing that Passes pinged Famous Birthdays' API, with the internal API call surreptitiously taken from the Famous Birthdays Pro source code, over 100,000 times. Because this also contains Famous Birthdays' internal API call, public display of it carries the same risks of competitive harm and hacking as Ostrowski Declaration Exhibit C. Britton Decl. ISO Sealing, ¶ 9. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge. **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. necessary to reach the stated conclusion. | As Founder and CEo of Famous Birthdays, Mr. Britton is testifying based on his rational perception of his own company's proprietary information and API calls.  Fed. R. Evid. 701. |

PLAINTIFF'S RESPONSE TO PASSES, INC.'S EVIDENTIARY OBJECTIONS TO OSTROWSKI AND BRITTON DECLARATIONS

301980917

| 64.     My understanding is no other party has yet appeared in this matter, thus I am unaware if any party opposes this Application. Britton Decl. ISO Sealing, ¶ 10. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | |

Respectfully yours,

DATED:   November 19, 2024          KATTEN MUCHIN ROSENMAN LLP

By: _____

CHRISTOPHER D. BEATTY
Attorneys for Plaintiff
FAMOUS BIRTHDAYS, LLC

301980917