NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
FRED FEYZI (SBN 343538)
*FFeyzi@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA  94063
Tel. (650) 752-3100
Fax: (650) 853-1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA  94111
Tel.: (415) 733-6000
Fax: (415) 677-9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**[PROPOSED] ORDER SUSTAINING DEFENDANT PASSES, INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF KEVIN OSTROWSKI (DKT. 10-1), EVAN BRITTON (DKT. 10), AND EVAN BRITTON (DKT. 11)**<br><br>Date:    December 3, 2024<br>Time:    10:00 A.M.<br>Ctrm.:    8-D<br>Judge:    Hon. Consuelo B. Marshall<br><br>Action Filed:    September 27, 2024 |

1    Defendant Passes, Inc. ("Defendant") Evidentiary Objections in Support of
2    Opposition to Motion for Preliminary Injunction ("Evidentiary Objections") came
3    for hearing before the Honorable Consuelo B. Marshall on December ___, 2024 at
4    10:00 A.M., in Courtroom 8-D of the above-entitled Court.
5    Having considered the briefing and documents filed in connection with
6    Plaintiff's Motion for Preliminary Injunction, any arguments of counsel, any
7    evidence presented at the hearing, and the entire file in this action, the Court
8    SUSTAINS Defendants' Evidentiary Objections as follows:.

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
|  | **OBJECTIONS TO DECLARATION OF KEVIN OSTROWSKI (DKT. 10-1)** | | |
| 1 | The public website contains a robust Terms of Service, which emphasizes that the bios are the intellectual property of Famous Birthdays. Ostrowski Decl., ¶ 6. | **Fed. R. Evid. 602**. This statement lacks foundation. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the Terms of Service.  **Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. | Sustained  _____  Overruled  _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 1002.** Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 2 | This data is valuable to companies, including because companies can use the bios to find influencers relevant to their marketing needs. Ostrowski Decl., ¶ 9. | **Fed. R. Evid. 602.** Without any foundational support, Mr. Ostrowski opines that the "data is valuable to companies," and "companies can use the bios to find influencers relevant to their marketing needs." <br><br>**Fed. R. Evid. 702.** Mr. Ostrowski is not a qualified expert in valuing data or assessing its relevance to unspecified companies. Further, Mr. Ostrowski's opinion that the "data is valuable" or "relevant" is not supported by reliable principles or methods. Mr. Ostrowski's opinion will not assist the trier of fact to understand the evidence or determine a fact in issue. <br><br>**Fed. R. Evid. 703.** Mr. Ostrowski's statement also improperly | Sustained _____ Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | offers an opinion on an ultimate issue in the case. | |
| 3 | This service allows these clients access to select portions of Famous Birthdays' data, as negotiated for and set forth in the terms of their contract. Ostrowski, ¶ 10. | **Fed. R. Evid. 602.** A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the Terms of Service.<br><br>**Fed. R. Evid. 701**, **702.** This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony.<br><br>**Fed. R. Evid. 1002.** Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | **Sustained** _____<br>**Overruled** _____ |
| 4 | Famous Birthdays provides Famous Birthdays Pro customers two methods to access data provided for in their | **Fed. R. Evid. 602.** A witness must lay a foundation before offering testimony about particular facts or | **Sustained** _____<br>**Overruled** _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | contractual agreement. Ostrowski, ¶ 11. | documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "contractual agreement." **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 1002.** Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 5 | [W]hen it has been contractually agreed to (as was the case with Passes), a Famous Birthdays Pro customer is provided limited access to Famous Birthdays' API, which is another means to access Famous Birthdays' data. Ostrowski, ¶ 14. | **Fed. R. Evid. 602.** A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is | Sustained _____<br>Overruled _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | unqualified to interpret the "contractual agreement." **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. **Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 6 | The API and dashboard function similarly, and are both curated to technologically limit the accessible data to the same limits set forth in the customer's contract with Famous Birthdays. Ostrowski Decl., ¶ 16. | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is | Sustained _____ Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | unqualified to interpret the "customer's contract with Famous Birthdays."<br><br>**Fed. R. Evid. 701, 702**. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. Without any foundational support, Mr. Ostrowski opines on how APIs and the dashboard function to impose background technological limitations.<br><br>**Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 7 | Thus, if a contract limits a customer to a certain number of monthly searches of profiles of celebrities and influencers, both the dashboard and the API calls contain a technical limit that prevents the customer from exceeding their authorized search limit. | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the "contract limits." <br><br> **Fed. R. Evid. 701**, **702**. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. Without any foundational support, Mr. Ostrowski opines on how APIs and the dashboard function to impose background technological limitations. <br><br> **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 8 | There are also Terms of Service on Famous Birthdays Pro that further advise customers of the limitations on their use of the platform. Ostrowski Decl., ¶ 17. | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Ostrowski is not an attorney and thus is unqualified to interpret the Terms of Service.<br><br>**Fed. R. Evid. 701**, **702**. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony.<br><br>**Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | prove its content. | |
| 9 | After Famous Birthdays and Passes entered into the Services Agreement between Famous Birthdays and Passes on or about March 29, 2024 (the "Services Agreement"), Famous Birthdays provided limited API access and Famous Birthdays Pro login details to Passes. Ostrowski Decl., ¶ 18. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | Sustained  _____<br><br>Overruled  _____ |
| 10 | These seven API calls are limited in their functionality consistent with the contractual limitations in the Services Agreement. Ostrowski Decl., ¶ 22. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. | |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. Without any foundational support, Mr. Ostrowski opines on how APIs and the dashboard function to impose background technological limitations.<br><br>**Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An | |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | original writing, recording, or photograph is required in order to prove its content. | |
| 11 | For its own internal use, Famous Birthdays has separate internal API endpoints, as is common for most websites. Ostrowski Decl., ¶ 23. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement that separate internal API endpoints are "common for most websites" is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.  **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. | Sustained _____  Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 12 | These separate internal API endpoints were not shared with Passes, or any Famous Birthdays Pro customers for that matter. Ostrowski, ¶ 25. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | **Sustained** _____ **Overruled** _____ |
| 13 | Passes accessed the Famous Birthdays Pro dashboard, using Guo's login credentials. Ostrowski Decl., ¶ 26 | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | **Sustained** _____ **Overruled** _____ |
| 14 | Once logged in, a person sophisticated in computer science pulled up Famous Birthdays' source code, which can only be done by accessing Famous Birthdays' backend code or reverse engineering its system. Ostrowski Decl., ¶ 26 | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701**, **702**. This statement also includes improper opinion testimony. Lay witnesses may only offer | **Sustained** _____ **Overruled** _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. | |
| 15 | This person then looked over the various internal API calls used to generate the webpage. This person located the API call for historical rank graph data for a given celebrity or influencer. Ostrowski Decl., ¶ 27. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement also includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer | Sustained  _____<br><br>Overruled  _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | arts with a focus on 3D modeling animation and FX for film and video.<br><br>**Fed. R. Evid. 703**.<br>Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 16 | But, instead of using one of the API calls provided to Passes pursuant to the contract, Passes instead used the historical rank graph API call that it had surreptitiously extracted from the Famous Birthdays source code while logged into the dashboard. Ostrowski Decl., ¶ 29. | **Fed. R. Evid. 602**.<br>Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge.<br>Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**.<br>This statement also includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and | **Sustained** ____<br><br>**Overruled** ____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | FX for film and video. **Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 17 | A true and correct copy of Famous Birthdays' internal dashboard reflecting the over 106,000 lookups by Guo is attached hereto as Exhibit E. Ostrowski Decl., ¶ 30. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 1002.** In addition, Mr. Ostrowski's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | Sustained _____ Overruled _____ |
| 18 | These lookups could not have been performed with the API documentation provided to Defendants as part of the Services Agreement, Ostrowski Decl., ¶ 31. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses | Sustained _____ Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video.<br><br>**Fed. R. Evid. 703**. Mr. Ostrowski's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 19 | The URL list of our bios, and their relative ranking by traffic, are not provided as part of Famous Birthdays Pro, and were not provided in the API documentation given to Defendants in connection with the Services Agreement. Ostrowski Decl., ¶ 32. | **Fed. R. Evid. 602**. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, | **Sustained** _____ <br> **Overruled** _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video. | |
| 20 | The only way Defendants could have accessed our URL list is by seeking to exploit our sitemap. Ostrowski Decl., ¶ 33. | **Fed. R. Evid. 602**. Mr. Ostrowski's statement is conclusory, speculative, and not based on personal knowledge. Mr. Ostrowski does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Ostrowski has a background in computer arts with a focus on 3D modeling animation and FX for film and video.<br><br>**Fed. R. Evid. 703**. Mr. Ostrowski's | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | statement also improperly offers an opinion on an ultimate issue in the case. | |
| **OBJECTIONS TO DECLARATION OF EVAN BRITTON (DKT. NO. 11-1)** | | | |
| 21 | Famous Birthdays registered creative works of authorship with the United States Copyright Office in October 2018, October 2021, and February 2022, and it corrected its October 2018 registration through a supplemental registration in February 2022 as well. Britton Decl., ¶ 6. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | **Sustained** _____<br>**Overruled** _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 22 | Exhibits A, B, C, D. Britton Decl., ¶¶ 7-10. | **Fed. R. Evid. 602**. Mr. Britton's statement about Exhibits A, B, C, and D is conclusory, speculative, and not based on personal knowledge.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | Sustained _____<br>Overruled _____ |
| 23 | The Terms of Use available on Famous Birthdays' website also inform its users that its "platform contains copyrighted material including, but not limited to, text and video." Britton Decl., ¶ 11 | **Fed. R. Evid. 602**. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Britton is not an attorney and thus is unqualified to interpret the Terms of Use.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. | Sustained _____<br>Overruled _____ |

Goodwin Procter LLP
Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 24 | The Terms of Use condition all access to and use of Famous Birthdays' platform on compliance with an express prohibition from "publishing, transmitting, archiving, or exploiting the content published on our platform." Britton Decl., ¶ 11 | **Fed. R. Evid. 602**. This statement lacks foundation. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand. Mr. Britton is not an attorney and thus is unqualified to interpret the Terms of Use. <br><br> **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. <br><br> **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____ <br> Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 25 | As a result of its early and sustained investment in the booming "creator economy," companies seek to enter into license agreements with Famous Birthdays to access its data it obtains by monitoring user activity, and bios to determine which influencers are most applicable to their marketing needs. Britton Decl., ¶ 12 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | Sustained _____<br>Overruled _____ |
| 26 | Famous Birthdays entered into a limited services agreement (the "Services Agreement") | **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An | Sustained _____<br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | with Defendant Passes, Inc. ("Passes") on March 1, 2024, giving it access to Famous Birthdays Pro. Britton Decl., ¶ 14. | original writing, recording, or photograph is required in order to prove its content. | |
| 27 | The Services Agreement limits Passes to 2,500 bio lookups per month. Britton Decl., ¶ 16. | **Fed. R. Evid. 602**. Mr. Britton does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. Mr. Britton is not an attorney and thus is unqualified to interpret the Terms of Service.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to | Sustained _____<br>Overruled _____ |

Goodwin Procter LLP
Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | prove its content. | |
| 28 | Famous Birthdays' internal dashboard reflects that Defendant Lucy Guo ("Guo" and with Passes, "Defendants")—alone ran 106,124 lookups in the month of April. Britton Decl., ¶ 16. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. Mr. Bitton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to | **Sustained** _____<br><br>**Overruled** _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | prove its content. | |
| 29 | After entering into the Services Agreement, I learned that Passes launched a website to compete with Famous Birthdays — www.passes.comwiki. Britton Decl., ¶ 17 | **Fed. R. Evid. 602**. Mr. Britton does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 802**. Hearsay is not admissible. Mr. Britton does not explain how he learned that Passes launched a website, but he impermissibly offers this out of court statement to prove as true that Passes launched a website to compete with Famous Birthdays.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | **Sustained** _____<br><br>**Overruled** _____ |
| 30 | [A]ll of which are copied from the corresponding bios from Famous Birthdays. Britton Decl., ¶ 18 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. | **Sustained** _____<br><br>**Overruled** _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 31 | Based on my review of the bios on Passes wiki, it's clear that Passes compiled a list of over 100,000 URLs unique to Famous Birthdays' website to use to copy Famous Birthdays' bios Britton Decl., ¶ 20 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 32 | Famous Birthdays staff, including myself personally, have identified tens of thousands of bios featured on Passes Wiki that reflect data and copyrighted bios stolen from Famous Birthdays. Britton Decl., ¶ 21 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and | Sustained _____ Overruled _____ |

Goodwin Procter LLP
Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 33 | The result is that Passes Wiki—a public website—now displays over 100,000 bios that are virtually identical to Famous Birthdays' copyrighted bios. Britton Decl., ¶ 22 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 34 | To my knowledge, Passes Wiki did not exist when Famous Birthdays entered into the Services Agreement with Passes. It appears Passes Wiki was only launched after, and using the data obtained from, the wholesale theft of Famous Birthdays' bios. Britton Decl., ¶ 23 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |
| 35 | It appears to solely exist to confuse search engines, driving traffic from Famous Birthdays to Passes Wiki by being a featured search result, which then allows Passes to promote its core business of a subscriber database to connect influencers and creators with companies and fans. Britton Decl., ¶ 24 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP<br>Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | |
| 36 | Famous Birthdays' forensic analysis revealed that its API was pinged 106,124 times, each time with a unique URL query that would bring up a different profile, such that a bio was brought up and scraped one by one every 2 seconds between April 14, 2024 and April 20, 2024. Britton Decl., ¶ 25 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | Sustained _____<br><br>Overruled _____ |
| 37 | The foregoing frequency could not feasibly be achieved by an individual searching for profiles manually and could only be done through use of an automated script. Britton | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | Decl., ¶ 26 | it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| **38** | At my direction, Famous Birthdays' staff has taken tens of thousands of screenshots from Passes Wiki that reflect bios that have been stolen from Famous Birthdays. These bios contain virtually all of the same biographical details, with identical or near-identical wording, exclude the same biographical details, and—where the wording | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes | Sustained  _____<br><br>Overruled  _____ |

GOODWIN PROCTER LLP<br>ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | differs, it appears it only differs because the Famous Birthdays' bio was fed into a chatbot, which made superficial tweaks to it before it was featured on Passes Wiki. Britton Decl., ¶ 27 | improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 39 | Defendants' attorneys admitted to their use of a chatbot in response to a cease and desist letter from counsel for Famous Birthdays. Britton Decl., ¶ 28. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. Mr. Britton does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 803**. Hearsay is impermissible. Mr. Britton's statement that "Defendants' attorneys admitted" is an impermissible out of court statement used to prove the truth of the statement. | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 40 | Even where Famous Birthdays puts a random profession in a URL—something which it rarely utilizes for mainstream stars—Passes also exactly copies the URL[.] Britton Decl., ¶ 64 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |
| 41 | Famous Birthdays investment into this space for well over a decade has gained Famous Birthdays valuable search engine positioning that drives | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. | Sustained _____<br><br>Overruled _____ |

32

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | users to its website. Britton Decl., ¶ 66. | Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 42 | Passes Wiki is now actively competing with the core offering of our business by publicly displaying bios—which it wrongfully took from Famous Birthdays—on a public-facing website in a similar format to Famous Birthdays. This is creating significant confusion with search engines, by featuring Famous Birthdays' | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | proprietary information, structure, and even URL scheme. Britton Decl., ¶ 67. | **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 43 | Search engine traffic is an essential part of Famous Birthdays' business, and Passes Wiki is actively usurping our search engine positioning, thus diverting traffic from our website. Britton Decl., ¶ 68 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.

**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 44 | The longer Passes' infringing bios are live on Passes Wiki and indexed by major search engines, the more difficult it will be to unwind the long-term harm on our search engine optimization ("SEO"), as we will continue to lose our valuable search engine positioning that we have obtained through SEO efforts over the last 12.5 years. Britton Decl., ¶ 68 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.

**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | Sustained _____

Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 45 | The longer Passes Wiki remains on the open web, infringing Famous Birthdays' Works unabated, the more difficult it will be to unwind the harm done to Famous Birthdays' position as the premiere source of bios in the format that we have developed and perfected over 12.5 years. Britton Decl., ¶ 69 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP
Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 46 | My analysis has shown that Passes Wiki is diverting hundreds of thousands of viewers every month away from Famous Birthdays. Every viewer diverted away from Famous Birthdays is also a potential long-term customer. This is causing us to lose long-term revenue. Britton Decl., ¶ 70. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |
| 47 | Passes' infringement has impacted Famous Birthdays' SEO, confusing search engines. Britton Decl., ¶ 71. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP
Attorneys at Law

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 48 | My analysis, including third-party analytical data I have reviewed, shows that Passes is diverting hundreds of thousands of visitors to Passes Wiki, which visitors would otherwise be visitors of Famous Birthdays. Britton Decl., ¶ 72. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 803**. Hearsay is impermissible. Mr. Britton refers to unidentified "third-party analytical data," which is an out-of-court statement to prove the truth of his statement. | |
| 49 | For some keyword searches, Passes ranks above Famous Birthdays in search results for Famous Birthdays' own biographical listing, and in some cases, Passes is shown in the featured snippets, instead of Famous Birthdays, and in other cases Passes | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated | Sustained _____<br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | Wiki is a result below Famous Birthdays, but still on the same page, which also causes confusion. Britton Decl., ¶ 73. | conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 50 | Passes is diverting hundreds of thousands of users per month away from Famous Birthdays, which is causing Passes to lose potential long-term users and future revenue. Britton Decl., ¶ 76. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 51 | Indeed, Passes Wiki includes sign-up and referral buttons, attempting to gain long-term loyal users for Passes' services through its use of Famous Birthdays' copyrighted bios. Every such user is a potential Famous Birthdays user that Famous Birthdays may not be able to recapture. Britton Decl., ¶ 76. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 52 | The harm will continue to compound until Passes' infringement is put to an end. Britton Decl., ¶ 77. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | Sustained  \_\_\_\_\_<br><br>Overruled  \_\_\_\_\_ |
| 53 | Passes' infringement, which is publicly putting Famous Birthdays' copyrighted bios on the open web, without any Terms of Service, notice | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to | Sustained  \_\_\_\_\_<br><br>Overruled  \_\_\_\_\_ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | of copyright protections, or other warnings to the public, is also devaluing Famous Birthdays' intellectual property. Britton Decl., ¶ 78. | support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 54 | Passes Wiki users can now manipulate and misuse the content on Passes Wiki, as they have no notice whatsoever that the content is itself infringing on Famous Birthdays' copyrighted Works—the bios are simply presented on Passes Wiki without any restrictions on public | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | **Sustained** _____<br><br>**Overruled** _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | use of them. This is severely undermining our ability to protect our intellectual property and rendering it vulnerable to unauthorized use and further exploitation. Britton Decl., ¶ 79. | **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | |
| 55 | This is also creating confusion for users, by devaluing our IP on the public web, as Passes Wiki is presenting these bios without any protections. Britton Decl., ¶ 80 | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and | Sustained _____<br><br>Overruled _____ |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. | |
| 56 | Passes Wiki is actively hurting Famous Birthdays Pro's marketing pitch, which relies on first-party proprietary bios that can only be leveraged within Famous Birthdays Pro. Britton Decl., ¶ 81. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. **Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony.  Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. **Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____ Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | **OBJECTIONS TO BRITTON DECLARATION IN SUPPORT OF MOTION TO SEAL (DKT. 10)** | | |
| 57 | Exhibits B, C, and D to the Ostrowski Declaration contain Famous Birthdays' confidential source code and Application Programming Interface ("API") calls. Britton Decl. ISO Sealing, ¶ 2. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____ <br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 58 | Declaration Exhibit B consists of API instructions Famous Birthdays provided to Defendant Passes, Inc. ("Passes"), in connection with the services agreement between the parties. These API instructions are not publicly available and are only provided to paying Famous Birthdays' customers, subject to strict contractual terms. Britton Decl. ISO Sealing, ¶ 3. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | **Sustained** _____<br>**Overruled** _____ |
| 59 | These instructions allow clients to access Famous Birthdays' API by pinging it with specified "calls" that then retrieve information from Famous Birthdays' API. Britton Decl. ISO Sealing, ¶ 4. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated | **Sustained** _____<br>**Overruled** _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Mr. Britton has a marketing background. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case.<br><br>**Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| 60 | The information contained in Famous Birthdays' API includes its copyrighted biographies of over 100,000 celebrities and influencers, which are the backbone of its business. Britton Decl. ISO Sealing, ¶ 5. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. A witness must lay a foundation before offering testimony about particular facts or documents, establishing that the witness is competent to testify about the matter at hand.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Mr. Britton has a marketing background. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | **Sustained** _____<br><br>**Overruled** _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | **Fed. R. Evid. 1002**. In addition, Mr. Britton's statement violates the Best Evidence Rule. An original writing, recording, or photograph is required in order to prove its content. | |
| 61 | Allowing Famous Birthdays' API call instructions to be publicly available would render its API vulnerable to security breaches and would also allow competitors to view how it constructs its API. Britton Decl. ISO Sealing, ¶ 6. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate | Sustained _____<br><br>Overruled _____ |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | | issue in the case. | |
| 62 | Ostrowski Declaration Exhibit C consists of a screenshot from Famous Birthdays' paywalled "Famous Birthdays Pro" website, which is only accessible to paying clients, subject to strict contractual terms and Terms of Use. This screenshot also shows the back-end source code that populates Famous Birthdays Pro, including Famous Birthdays' internal API calls that can be used to ping Famous Birthdays' API and retrieve information that is only meant for Famous Birthdays personnel. Britton Decl. ISO Sealing, ¶ 7. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion.<br><br>**Fed. R. Evid. 701, 702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing.<br><br>**Fed. R. Evid. 703**. Mr. Britton's statement also improperly offers an opinion on an ultimate issue in the case. | Sustained _____<br><br>Overruled _____ |
| 63 | Ostrowski Declaration Exhibit D is the access log showing that Passes pinged Famous Birthdays' API, with the internal API call | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to | Sustained _____<br><br>Overruled _____ |

Goodwin Procter LLP
ATTORNEYS AT LAW

| Obj. No. | Objectionable Evidence | Legal Ground for Objection | Ruling |
|---|---|---|---|
| | surreptitiously taken from the Famous Birthdays Pro source code, over 100,000 times. Because this also contains Famous Birthdays' internal API call, public display of it carries the same risks of competitive harm and hacking as Ostrowski Declaration Exhibit C. Britton Decl. ISO Sealing, ¶ 9. | support this conclusion. Nor does he explain how it is that he has the knowledge.<br><br>**Fed. R. Evid. 701**, **702**. This statement includes improper opinion testimony. Lay witnesses may only offer opinions that are rationally based on their perception and helpful to understanding their testimony. According to his public LinkedIn page, Mr. Britton has a background in marketing. necessary to reach the stated conclusion. | |
| 64 | My understanding is no other party has yet appeared in this matter, thus I am unaware if any party opposes this Application. Britton Decl. ISO Sealing, ¶ 10. | **Fed. R. Evid. 602**. Mr. Britton's statement is conclusory, speculative, and not based on personal knowledge. He does not offer any specific facts to support this conclusion. Nor does he explain how it is that he has the knowledge necessary to reach the stated conclusion. | Sustained _____<br><br>Overruled _____ |

**IT IS SO ORDERED**.

Dated: _____

_____
HONORABLE CONSUELO MARSHALL
UNITED STATES DISTRICT JUDGE