NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel. +1 650 752 3100
Fax: +1 650 853 1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>　　　　　Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:　　　January 14, 2025<br>Time:　　　10:00 A.M.<br>Ctrm.:　　　8-D<br>Judge:　　　Hon. Consuelo B. Marshall<br><br>Action Filed:　　September 27, 2024 |

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendants PASSES, INC., ("Passes") and LUCY GUO ("Ms. Guo") (collectively "Defendants") respectfully request that, pursuant to Fed. R. Evid. 201 and doctrine of incorporation by reference, in considering Defendants' Motion to Dismiss Plaintiff's Complaint ("Compl.") ("the Motion"), this Court take judicial notice of the following documents:

1. **Exhibit 1** to the concurrently filed Motion is a true and correct certified copy of each of the deposits for Exs. B and E to the Complaint (Dkt. 1) obtained from the United States Copyright Office for registration numbers TXu 2-119-709 and TXu 2-302-694, as lodged with the Court. These deposits are the underlying works for the registrations pled in conjunction with Plaintiff's copyright claim in the Complaint.

2. **Exhibit 2** to the concurrently filed Motion is a true and correct certified copy of the deposit for Ex. C to the Complaint obtained from the United States Copyright Office for registration number TXu 2-282-456, as lodged with the Court. This deposit is the underlying work for the above-referenced registration pled in conjunction with Plaintiff's copyright claim in the Complaint.

3. **Exhibit 3** to the concurrently filed Motion is a true and correct certified copy of the deposit for Ex. D to the Complaint obtained from the United States Copyright Office for registration number TX 9-082-717, as lodged with the Court. This deposit is the underlying work for the above-referenced registration pled in conjunction with Plaintiff's copyright claim in the Complaint.

4. **Exhibit 4** to the concurrently filed Motion are side-by-side comparisons of full biographies for: Barack Obama, Curtis Jackson (50 Cent), Adam Levine, Emma Brooks McAllister, Marko Terzo, N3on, and Angel Reese. On the lefthand side is a true and correct screenshot of the

Famous Birthdays' biographies that Defendants accessed today[1]. On the right hand side is a true and correct screenshot of the image of Passes' biography that Plaintiff included in the Britton Decl. (Dkt. 11-1), Exs. H, J, L, N, P, R, and T.

5. **Exhibit 5** to the concurrently filed Motion is a redline comparison of the text for each of the following biographies: Barack Obama, Curtis Jackson (50 Cent), Adam Levine, Emma Brooks McAllister, Marko Terzo, N3on, and Angel Reese. A Goodwin Procter employee typed the contents of the Famous Birthdays biography and Passes biography (as shown in RJN Ex. 4), then ran an automated redline to show differences between the text of the biographies prepared by each of Famous Birthdays and Passes. The system results are not perfect in detecting differences, but it is intended to aid the Court in assessing differences in the text. The Famous Birthdays biography was used as the "original" text and the Passes biography was used as the "modified" text.

6. **Exhibit 6** to the concurrently filed Motion is Paragraph 7 of the Declaration of Patrick Zhang, Chief Technology Officer for Defendant Passes (Dkt. 39-6), demonstrating the fact that the Passes Wiki biography pages are no longer publicly available.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In resolving a motion to dismiss, "courts must consider the complaint in its entirety," including (1) documents incorporated by reference, and (2) matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).

---

[1] The formatting issues in Britton Decl. (Dkt. 11-1), Exs. G, I, K, M, O, Q, and S make the biographies difficult to read. For ease of comparison and readability, screenshots captured from Famous Birthdays' public website were instead used in the side-by-side comparisons.

**Incorporation by reference**. "Under the doctrine of incorporation by reference," a court may consider "not only documents attached to the complaint, but also documents whose contents are alleged therein, provided the complaint 'necessarily relies' on the documents or contents thereof, and the documents' authenticity and relevance are uncontested." *Sharp v. Nationstar Mortg., LLC*, 2015 WL 106844, at *3 (N.D. Cal. Jan. 7, 2015) (*quoting Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)). A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Moreover, where a document has been incorporated by reference, the Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* at 908. The purpose of this doctrine is to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alterations and internal quotations omitted). Lastly, the Court may review and consider under the incorporation by reference doctrine the entire biographies for the public figures for which Plaintiff only provided excerpts. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

**Judicial notice**. Federal Rule of Evidence 201 requires the Court to "take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). The Court may take judicial notice of a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.2d 1005, 1016 n.9 (9th Cir. 2012). Relevant here, this Court may take judicial notice of public records

available from government entities. *E.g.*, *Coppes v. Wachovia Mortg. Corp.,* No. 10-1689, 2010 WL 4483817, at *2-3 (E.D. Cal. Oct. 29, 2010). Federal Rule of Evidence 201 also permits this Court to take judicial notice of factual information found on websites not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See e.g.*, *Ebrahimi v. Mentor Worldwide LLC*, 2017 WL 4128976, at *1 (C.D. Cal. Sept. 15, 2017) (citing Fed. R. Evid. 201(b)).

## DISCUSSION

### Exhibits 1-3 Are Incorporated by Reference into the Complaint.

The Court may take judicial notice of Exhibits 1, 2, and 3 under the incorporation by reference doctrine. Under this doctrine, courts frequently take judicial notice of "documents whose contents are alleged in a complaint . . . but which are not physically attached to the pleading." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996). Judicial notice is also appropriate under Federal Rule of Evidence 201(b)(2), which permits a court to take notice of a fact that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice of Exhibits 1-3 because they are matters of public record. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Indeed, "Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)." *Warren v. Fox Family Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (citing *Oroamerica Inc. v. D&W Jewelry Co., Inc.*, 10 Fed.Appx. 516, 517 n.4 (9th Cir. 2001)); *see Newt v. Twentieth Century Fox Film Corp.*, 2016 WL 4059691, *2–3 (C.D. Cal. July 27, 2016) (taking judicial notice of relevant copyright registrations and deposit copy of works).

Here, Plaintiff alleges that Defendant has "misappropriated [its] copyrighted Works and other intellectual property," Compl., ¶6, but only attaches three copyright registrations and one supplemental registration. Compl., ¶21; *see also* Compl., Exs.

B–E. Plaintiff failed to attach the deposits associated with the pled registrations, which are the works covered by the associated registrations. Courts routinely take judicial notice of such copyright registration materials because they are not subject to reasonable dispute. *See Thomas v. Walt Disney Co.*, 337 F. App'x 694, 695 (9th Cir. 2009).

### Exhibits 4-5 Are Incorporated by Reference into the Complaint.

The Court may take judicial notice of Exhibits 4 and 5 under the incorporation by reference doctrine. The content shown in each exhibit are screenshots from Plaintiff's own website www.famousbirthdays.com or from Defendants' former website www.passes.com/wiki, which is no longer active. These screenshots were explicitly referenced in the complaint. *See* Britton Decl., Exs. G-T to the Motion for Preliminary Injunction. The screenshots are full biographies for public figures for which Plaintiff only provided excerpts. The gravamen of Plaintiff's Complaint is that Defendants infringed its allegedly copyrighted profiles shown in these screenshots. Plaintiff replicates this content verbatim from the profile of each person in the complaint to compare with the content on the Passes' website to support its claim of copyright infringement. Therefore, this Court should take judicial notice of each of these screenshots. *See Ritchie*, 342 F.3d at 908; *see Knievel*, 393 F.3d at 1076.

### Exhibit 6 (Dkt. 39-6 ¶7) Is Material Appropriate for Judicial Notice.

The Court may take judicial notice of the fact that the Passes Wiki website is no longer operational, as stated in paragraph seven of the Declaration of Patrick Zhang, Chief Technology Officer for Defendant (Dkt. 39-6) because it is not subject to reasonable dispute and can be readily verified. Federal Rule of Evidence 201(b)(2) allows a court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Here, Defendant's declaration confirms that the website is currently down and provides direct evidence of this fact from Google.com. Courts have recognized that the status of publicly accessible websites is capable of verification and subject to

judicial notice when such facts are beyond reasonable dispute.

The paragraph in Defendant's declaration does not involve speculative assertions or opinions; rather, it documents an observable fact—namely, the website is no longer accessible to the public. Such a fact can also be independently verified through simple access or queries to the domain, reinforcing its reliability. Because this information is publicly verifiable and undisputed, it is appropriate for judicial notice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that under the incorporation by reference doctrine and Fed. R. Evid. 201(b)(2) this Court take judicial notice of Exhibits 1 through 6 in ruling on Defendants' Motion to Dismiss the Complaint.

Dated: December 12, 2024         Respectfully submitted,

By: */s/ Neel Chatterjee*
NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendants
PASSES, INC. and LUCY GUO

## **LOCAL RULE 11-6.1 CERTIFICATION**

The undersigned counsel of record for Defendants PASSES, INC., ("Passes") and LUCY GUO ("Ms. Guo") certifies that this memorandum of points and authorities contains 1,200 words, which complies with the word limit set forth in Local Rule 11-6.1.

                                                  */s/ Neel Chatterjee*
                                                  NEEL CHATTERJEE

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on **December 12, 2024**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **December 12, 2024**.

                                                      /s/ *Neel Chatterjee*
                                                     NEEL CHATTERJEE

GOODWIN PROCTER LLP
ATTORNEYS AT LAW