# EXHIBIT 1

NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel. +1 650 752 3100
Fax: +1 650 853 1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000
Fax: +1 415 677 9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:    December 20, 2024<br>Time:   10:00 A.M.<br>Ctrm.:   8-D<br>Judge:  Hon. Consuelo B. Marshall<br><br>Action Filed:   September 27, 2024 |

## I. INTRODUCTION

In Plaintiff's Reply in support of its Motion for Preliminary Injunction (Dkt. 30, "Reply"), Plaintiff Famous Birthdays LLC ("Plaintiff") introduces for the very first time an argument based on previously-known facts. Defendant Passes, Inc. ("Defendant") had no opportunity to address Plaintiff's new argument when opposing the Motion. Allowing Plaintiff to raise a new argument prejudices Defendant, absent Defendant's opportunity to respond.

If the Court is inclined to consider Plaintiff's belated allegations and argument, Defendant is entitled to respond to Plaintiff's new argument that Passes' Wiki "continue[s] to be indexed by Google, and Google search results continue to index bios previously featured on Passes Wiki," (Dkt. 30-1 at ¶ 5) which is "diverting traffic from Famous Birthdays," (Dkt. 30-1 at 11:15) thereby causing it irreparable harm. *See* Dkt. 30-1 ¶¶ 3–6; Dkt. 30 at 11:13-16.

## II. Plaintiff's Claim Of Irreparable Harm Based On Indexed Google Search Results Is A New And False Argument.

In its Reply, Plaintiff acknowledges that Passes removed the Passes Wiki biography pages (Dkt. 30-1 at ¶ 3) from public access—the visibility of which is a core argument in support of its claim for injunctive relief. *See, e.g.,* Dkt. 11 at 13:8-14:11. Recognizing that Passes' removal is fatal to its Motion for Preliminary Injunction, Plaintiff manufactured, in its Reply, a new basis for its purported harm. Specifically, Plaintiff contends that Passes' Wiki "continue[s] to be indexed by Google, and Google search results continue to index bios previously featured on Passes Wiki," (Dkt. 30-1 at ¶ 5) which is "diverting traffic from Famous Birthdays," (Dkt. 30-1 at 11:15) and thereby causing it irreparable harm. *See* Dkt. 30-1 ¶¶ 3–6; Dkt. 30 at 11:13-16; *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001) (district court held that "it is improper for a party to raise a new argument in a reply brief"), *aff'd*, 36 F. App'x 612, 613 (9th Cir. 2002); *Bazuaye v. I.N.S.,* 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply

brief are waived."); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (agreeing that no district court should review new evidence presented in a reply brief without giving the non-moving party an opportunity to respond). If Google's indexing were causing Plaintiff harm, Plaintiff could and should have raised this issue in its opening papers. It did not, thereby thwarting Defendant's ability to address this issue in its Opposition, in violation of unambiguous law.

This newly-minted basis for alleged harm is misleading, at best, and actually false. As of December 5, Google search results do not return any inactive links to Passes' biographies. *See* Ex. A[1] at ¶ 7. Defendant bent over backwards to ensure that links to its Wiki Pages were no longer publicly accessible. *See id.* at ¶¶ 3, 6, 7. Moreover, Defendant has no control over when Google clears its indexing cache. *See id.* at ¶ 5. Plaintiff cites no legal authority to support enjoining Defendant based on a nonparty's actions or inaction. There simply is none.

## III. CONCLUSION

Plaintiff's Motion for Preliminary Injunction should be dismissed as moot, as it failed to establish any irreparable harm. Additionally, the Motion should be denied.

Dated: December 14, 2024          Respectfully submitted,

By: */s/ Neel Chatterjee*
NEEL CHATTERJEE (SBN 173985)
NChatterjee@goodwinlaw.com
SHARON R. SMITH (SBN 221428)
SharonSmith@goodwinlaw.com
MEGAN D. BETTLES (SBN 328161)
MBettles@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorneys for Defendants
PASSES, INC. and LUCY GUO

---

[1] Exhibit A attached hereto is the Declaration of Patrick Zhang dated December 5, 2024.

**LOCAL RULE 11-6.1 CERTIFICATION**

The undersigned counsel of record for Defendants PASSES, INC., ("Passes") and LUCY GUO ("Ms. Guo") certifies that this sur-reply is within the 10-page limit set forth in the Standing Orders for Hon. Consuelo B. Marshall.

                                            */s/ Neel Chatterjee*
                                            NEEL CHATTERJEE

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on December 14, 2024. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 14, 2024.

*/s/ Neel Chatterjee*
NEEL CHATTERJEE

GOODWIN PROCTER LLP
ATTORNEYS AT LAW