Christopher Beatty (State Bar No. 266466)
chris.beatty@katten.com
Murad Salim (State Bar No. 342747)
murad.salim@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
Telephone:   (310) 788-4400
Facsimile:   (310) 788-4471

*Attorneys for Plaintiff Famous Birthdays, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants | **Case No. 2:24-cv-08364-CBM-SSC**<br><br>**PLAINTIFF FAMOUS BIRTHDAYS, LLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date:      January 14, 2025<br>Time:      10:00 A.M.<br>Ctrm.:     8-D<br>Judge:    Hon. Consuelo B. Marshall<br><br>Assigned to Judge Consuelo B. Marshall, Magistrate Judge Stephanie S. Christensen<br><br>Action Filed:  September 27, 2024<br>Trial Date:     None Set |

*Katten Muchin Rosenman LLP*
*2121 Avenue of the Stars, Suite 1100*
*Los Angeles, CA 90067-5010*
*+1 310 788 4400 tel +1 310 788 4471 fax*

**Katten**

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ................................................................................................... 9

II.   ALLEGED FACTS ............................................................................................. 10

    A.    Plaintiff's Business ................................................................................. 10

    B.    Passes Steals Plaintiff's Works To Launch A Competitor ........... 11

III.  LEGAL STANDARD ......................................................................................... 11

IV.   ARGUMENT ...................................................................................................... 11

    A.    Plaintiff's Copyright Claim Is Well-Pleaded ............................. 11

        1.    Plaintiff Exceeds Its Pleading Burden ............................... 11

        2.    The Agreement Did Not Authorize Passes' Infringement ................................................................................. 12

        3.    Defendants Ignore Two Theories Of Copyright Liability ................................................................................. 14

        4.    The Passes Wiki Bios Are Infringing Derivative Works ................................................................................. 15

            a.    Plaintiff Alleges Derivative Works Created From Its Bios, Not The Facts Therein ..................... 15

            b.    The Bios Are Copyright-Protected And Not Subject To The Virtual Identity Standard ................ 15

            c.    The Derivative Works Are Substantially Similar ...... 17

                (i)    This Test Is Not For The Pleadings Stage ....... 17

                (ii)   The Substantial Similarity Test Is Satisfied Regardless ......................................... 18

            d.    The Fair Use Argument Fails ................................... 20

                (i)    Fair Use Is Not A Determination Made On The Pleadings .................................................. 20

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

(ii)    The Fair Use Argument Also Fails On The
Merits..............................................................21

e.    Defendants' Registration Argument Fails.................23

(i)    Defendants Only Show 2 Out Of 100,000
At-Issue Bios Were Not Registered ...............23

(ii)    Registration Is Not A Prerequisite To
Copyright Protection ......................................24

B.    Plaintiff's Section 502 Claim Is Well-Pled .................................24

1.    Plaintiff Has Standing ......................................................24

2.    Plaintiff Has Exceeded Its Pleading Burden......................25

3.    Defendants Rely On The Wrong Legal Standard For
Section 502(c)(1-2, 4, 6-7) And Misapply The Law..........26

4.    Plaintiff Has Alleged A Violation of Section 502(c)(8) .....28

C.    Famous Birthdays' UCL Claim Is Well-Pled ..............................29

D.    Plaintiff's Contract Claim Is Well-Pled ......................................30

1.    Passes Violated Contractual Limitations............................30

2.    Plaintiff Has Alleged Damages..........................................31

E.    Alternatively, Leave To Amend Should Be Granted....................31

V.    CONCLUSION...................................................................................32

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abend v. MCA, Inc.*,
 863 F.2d 1465 (9th Cir. 1988) ...................................................................... 20

*ABS Entm't, Inc. v. CBS Corp.*,
 908 F.3d 405 (9th Cir. 2018) ........................................................................ 16

*Advanta-STAR Auto. Rsch. Corp. of America v. Search Optics, LLC*,
 672 F. Supp. 3d 1035 (S.D. Cal. 2023) ................................................... 17, 20

*Andersen v. Stability AI Ltd.*,
 2024 WL 3823234 (N.D. Cal. Aug. 12, 2024) .............................................. 19

*Andy Warhol Found. Visual Arts v. Goldsmith*,
 598 U.S. 508 (2023) ...................................................................................... 22

*Authors Guild v. Google, Inc.*,
 804 F.3d 202 (2d Cir. 2015) .......................................................................... 16

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) ...................................................................................... 11

*Bell v. Wilmott Storage Services, LLC*,
 12 F.4th 1065 (9th Cir. 2021) ....................................................................... 15

*Brody v. Fox Broad. Co.*,
 2023 WL 2758730 (S.D.N.Y. Apr. 3, 2023) ................................................. 21

*Browne v. McCain*,
 612 F. Supp. 2d 1125 (C.D. Cal. 2009) ........................................................ 20

*Changing World Films LLC v. Parker*,
 2023 WL 8044348 (C.D. Cal. Sept. 12, 2023) .............................................. 18

*Craigslist, Inc. v. Mesiab*,
 2009 WL 10710286 (N.D. Cal. Sept. 14, 2009) ............................................ 26

*CTC Global. v. Huang*,
 2019 WL 4565180 (C.D. Cal. Aug. 7, 2019) ................................................ 31

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

4

*Digital Envoy, Inc. v. Google, Inc.*,
    2005 WL 2174958 (N.D. Cal. Sept. 8, 2005)....................................................13

*Disney Enters., Inc. v. VidAngel, Inc.*,
    224 F. Supp. 3d 957 (C.D. Cal. Dec. 12, 2016) ........................................14, 15

*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003)........................................................................31

*Enesco Corp. v. Price/Costco Inc.*,
    146 F.3d 1083 (9th Cir. 1998)........................................................................11

*Etereo Spirits, LLC v. James R. Ling*,
    2021 WL 3914256 (C.D. Cal. July 15, 2021) ...............................................12

*Experian Info. Solutions, Inc. v. Nationwide Mktg. Servs. Inc.*,
    893 F.3d 1176 (9th Cir. 2018)...................................................................16, 17

*Facebook, Inc. v. Power Ventures, Inc.*,
    2009 WL 1299698 (N.D. Cal. May 11, 2009) ..........................................11, 12

*Facebook, Inc. v. Power Ventures, Inc.*,
    2013 WL 5372341 (N.D. Cal. Sept. 25, 2023).............................................25

*Facebook, Inc. v. Power Ventures, Inc.*,
    844 F.3d 1058 (9th Cir. 2016)........................................................................28

*Facebook, Inc. v. Powers Ventures, Inc.*,
    2010 WL 3291750 (N.D. Cal. July 20, 2010) ...............................................25

*Famous Birthdays, LLC v. SocialEdge, Inc.*,
    2022 WL 1591723 (C.D. Cal. Apr. 14, 2022)..........................................12, 16

*Foster Poultry Farms, Inc. v. SunTrust Bank*,
    377 F. App'x 665 (9th Cir. 2010)...................................................................31

*Harper & Row Publishers, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) .......................................................................................16

*Imageline Inc. v. Tacony Corp.*,
    2009 WL 10676056 (C.D. Cal. June 16, 2009)..............................................12

*In re Adobe Sys., Inc. Priv. Litig.*,
    66 F. Supp. 3d 1197 (N.D. Cal. 2014) ...........................................................29

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

*In re Facebook, Inc. Internet Tracking Litig.*,
   956 F.3d 589 (9th Cir. 2020)................................................................25

*In re Meta Healthcare Pixel Litig.*,
   713 F. Supp. 3d 650 (N.D. Cal. 2024) ..............................................28

*In re Social Media Adolescent Addiction/Personal Injury Products
   Liability Litig.*,
   702 F. Supp. 3d 809 (N.D. Cal. 2023) ..............................................15

*JPaulJones, L.P. v. Zurich Ins. Co. (China) Ltd.*,
   2022 WL 1135424 (9th Cir. 2022)....................................................13

*Kodadek v. MTV Networks, Inc.*,
   152 F.3d 1209 (9th Cir. 1998)...........................................................24

*Law Offices of Mathew Higbee v. Expungement Assistance Servs.*,
   214 Cal. App. 4th 544 (2013)............................................................29

*Leadsinger, Inc. v. BMG Music Pub.*,
   512 F.3d 522 (9th Cir. 2008).............................................................22

*Los Angeles Times v. Free Republic*,
   2000 WL 565200 (C.D. Cal. Apr. 4, 2000)......................................19

*Lynx Ventures, LLC v. Miller*,
   45 F. App'x 68 (2d Cir. 2002)...........................................................19

*McCormick v. Sony Pictures Ent.*,
   2008 WL 11336160 (C.D. Cal. Nov. 17, 2008)................................18

*Mintz v. Mark Barelstein and Assocs. Inc.*,
   906 F. Supp. 2d 1017 (C.D. Cal. 2012).............................................25

*Monge v. Maya Magazines, Inc.*,
   688 F.3d 1164 (9th Cir. 2012)..............................................21, 22, 23

*Nortel Networks Ltd. v. Platinum Networks, Inc.*,
   2006 WL 8455246 (S.D. Cal. May 11, 2006)....................................29

*Nowak v. Xapo*,
   2020 WL 6822888 (N.D. Cal. Nov. 20, 2020)...................................26

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
   167 F. Supp. 2d 1114 (C.D. Cal. 2001).......................................11, 12

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel +1 310 788 4471 fax

*PerkinElmer Health Sciences, Inc. v. Mahnaz Salem*,
   2021 WL 2548684 (C.D. Cal. Apr. 9, 2021) ..................................................... 27

*Rebecca Bamberger Works, LLC v. Bamberger*,
   2024 WL 2805323 (S.D. Cal. May 31, 2024) ................................................... 27

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010) ......................................................................................... 24

*Runway Beauty, Inc. v. Runway Magazine, Inc.*,
   2010 WL 11549356 (C.D. Cal. July 12, 2010) ................................................ 26

*Satava v. Lowry*,
   323 F.3d 805 (9th Cir. 2003) ........................................................................... 16

*Satmodo, LLC v. Whenever Commc'ns, LLC*,
   2017 WL 1365839 (S.D. Cal. Apr. 14, 2017) .................................................. 27

*Sloane v. Karma Enters., Inc.*,
   2008 WL 11340286 (C.D. Cal. Nov. 3, 2008) ................................................. 12

*Synopsys, Inc. v. Ubiquiti Networks, Inc.*,
   313 F. Supp. 3d 1056 (N.D. Cal. 2018) ........................................................... 29

*Tehama-Colusa Canal Authority v. U.S. Dept. of Interior*,
   819 F. Supp. 2d 956 (E.D. Cal. Aug. 2, 2011) ................................................ 30

*Ticketmaster Corp. v. Tickets.com, Inc.*,
   2003 WL 21406289 (C.D. Cal. Mar. 7, 2003) ................................................. 23

*Tradeshift, Inc. v. BuyerQuest, Inc.*,
   2021 WL 4306011 (N.D. Cal. Sep. 22, 2021) .................................................. 31

*U.S. v. Christensen*,
   828 F.3d 763 (9th Cir. 2015) ........................................................................... 27

*Van Buren v. United States*,
   593 U.S. 374 (2021) ................................................................................... 26, 27

*VHT Inc. v. Zillow Grp. Inc.*,
   69 F.4th 983 (9th Cir. 2023) ............................................................................ 24

*VHT, Inc. v. Zillow Grp., Inc.*,
   918 F.3d 723 (9th Cir. 2019) ........................................................................... 22

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

*Zindel as Trustee for David Zindel Trust v. Fox Searchlight Pictures, Inc.*,
815 F. App'x 158 (9th Cir. 2020) ................................................ 17, 18

*ZoomInfo Techs. LLC v. Salutary Data LLC*,
2021 WL 1565443 (D. Mass. Apr. 21, 2021) ................................ 13

**Statutes**

17 U.S.C. § 102(a)(1) ................................................................ 16

17 U.S.C. § 103(b) .................................................................... 16

17 U.S.C. § 106(1) .................................................................... 14

17 U.S.C. § 410(c) .................................................................... 12

17 U.S.C. § 411(a) .................................................................... 24

Cal. Civ. Code § 3300 ................................................................ 31

Cal. Penal Code § 502 ............................................................. 9, 24

Cal. Penal Code § 502(c)(2) ....................................................... 27

Cal. Penal Code § 502(c)(8) ....................................................... 28

**Rules**

Fed. R. Civ. P. 8 ........................................................................ 26

Fed. R. Civ. P. 8(a)(2) ............................................................... 11

Fed. R. Civ. P. 12(b)(6) ......................................................... 20, 21

Fed. R. Civ. P. 15 ...................................................................... 31

**Other Authorities**

CALJIC § 16.555 ....................................................................... 28

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

## I.    INTRODUCTION

Defendants Passes, Inc. ("Passes") and Lucy Guo ("Guo," together "Defendants") orchestrated a brazen theft of Plaintiff Famous Birthdays, LLC's ("Plaintiff") copyrighted material and protected data, for the purpose of setting up a competing website.  The wanton scheme is pleaded with detail in the Complaint.

Because the copying and misuse of the data alleged in the Complaint so clearly states claims for copyright infringement, Penal Code § 502, unfair competition, and breach of contract, Defendants resort to rewriting the laws and the contract in their strained attempt to dismiss Plaintiff's claims.

Exhibit A is Defendants' butchering of the Services Agreement.  Their shocking interpretation of the contract to *permit* their actions for a mere $5,000 per month has no support in the contract's actual language.  The contract states Defendants can only do up to 2,500 lookups—yet they performed over one hundred thousand.  The contract states that no data is to be transferred—yet Defendants copied over one hundred thousand bios verbatim.  The contract states data is to be used internally—yet Defendants sent it to a third party and posted it to a public website.  The reason for this illogical interpretation is apparent—without a license (which they did not have), there is no defending their actions, particularly at the motion to dismiss stage.

The attack on the copyright infringement claim similarly fails.  The Complaint pleads three theories of copyright infringement: (1) copying the bios from the Famous Birthdays' website to the Passes server, (2) copying the bios from the Passes server to ChatGPT, and (3) posting the reworked bios to Passes Wiki.  The first two instances of infringement are so straightforward that Passes outright ignores the allegations rather than try to concoct an argument that Plaintiff failed to state a claim.  And even the third argument, that the works are not derivative, even though the input to ChatGPT consisted of verbatim copies,

is unpersuasive, especially when recent case law involving artificial intelligence is considered.

The Section 502 claim fares no better. To have any chance at prevailing Defendants must persuade the Court to change the Section 502 standard imposed by the Ninth Circuit. Defendants fail to cite a single case interpreting Section 502 in the way they advocate, an interpretation already rejected by the Ninth Circuit. By way of comparison, Plaintiff cites numerous cases finding a Section 502 claim with facts far less egregious than those before the Court.

For these reasons and those set forth below, the Court should deny Passes' Motion in its entirety.

## II.    ALLEGED FACTS

### A.    Plaintiff's Business

Plaintiff provides its users with an online search engine for browsing biographies. (Complaint (Dkt.1) ("Compl.") ¶¶17-18.) It maintains complex technology to operate its database. (*Id.* ¶¶ 1, 18, 20.)

Plaintiff's staff originally draft these biographies, giving them a consistent voice, framing and level of quality. (*Id.* ¶19.) Plaintiff expends considerable creative effort to make these biographies easy to read, entertaining, and relevant. (*Id.* ¶20.)

Plaintiff registered its collection of biographies as creative works of authorship (the "Works") with the U.S. Copyright Office in October 2018 (thereafter corrected with a supplement in February 2022), October 2021, and February 2022. (*Id.* ¶21 & Exs.B-E.) Its Terms of Use, included in a link at the bottom of the website, inform users that the material is copyrighted. (*Id.* ¶23.)

Plaintiff enters into licensing agreements with companies through its Famous Birthdays Pro service, which provides data about influencers. (*Id.* ¶26.) Plaintiff does not license its catalog of biographies for display on the open web. (*Id.* ¶27.) Passes entered into a services agreement with Plaintiff (the

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

**Katten**

10

"Agreement") on March 1, 2024.  (*Id*. ¶34 & Ex.A.)

**B.    Passes Steals Plaintiff's Works To Launch A Competitor**

Passes built an automated data collection tool that pinged Plaintiff's API 106,124 times between April 15, 2024 and April 20, 2024, each time with a unique URL to bring up a different profile.  (Compl. ¶38.)  The script scraped each bio one by one.  (*Id*.)  Passes then fed each copied bio into ChatGPT and asked it to rework the language.  (*Id*. ¶41.)  It then placed these doctored bios on its public-facing Passes Wiki.  (*Id*. ¶¶42-43.)

Plaintiff terminated the Agreement on August 21, 2024 and demanded Passes cease and desist.  (*Id*. ¶45.)  Passes refused, claiming its use of ChatGPT excused its misconduct.  (*Id*. ¶46.)

**III.    LEGAL STANDARD**

Rule 8 requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff meets this requirement by asserting well-pled allegations showing a "plausible" claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under Rule 12(b)(6), "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to plaintiff."  *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998).

**IV.    ARGUMENT**

**A.    Plaintiff's Copyright Claim Is Well-Pleaded**

**1.    Plaintiff Exceeds Its Pleading Burden**

"Copyright claims need not be pled with particularity."  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.Supp.2d 1114, 1120 (C.D. Cal. 2001); *see Facebook, Inc. v. Power Ventures, Inc.*, 2009 WL 1299698, at *4 (N.D. Cal. May 11, 2009).  A plaintiff is not required to state "every copyright relied on, every individual [copyrighted work] that is being infringed, every [specific instance of infringement], or the dates of any infringement."  *Perfect 10*, 167 F.Supp.2d at 1120.  In fact,

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

"complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient." *Id.*

Courts routinely deny motions to dismiss copyright claims where the allegations are far less robust than here. *See, e.g., Power Ventures*, 2009 WL 1299698, at *1, 4 (denying motion to dismiss because "Facebook need not allege the exact content that Defendants are suspected of copying at this stage of the proceedings" as "[t]here is no requirement that copyright claims must be pled with particularity"); *Etereo Spirits, LLC v. James R. Ling*, 2021 WL 3914256, at *6-7 (C.D. Cal. July 15, 2021) (denying motion to dismiss because the complaint "identifies" the copyrighted material and thus "sufficiently notifies Defendants as to the type of infringing conduct and the source of the claims"); *Imageline Inc. v. Tacony Corp.*, 2009 WL 10676056, at *2 (C.D. Cal. June 16, 2009) (accord).

Plaintiff exceeds this standard. Plaintiff has alleged each bio on its website is originally written and that it registered these works. (*Id.* ¶21 & Exs.B-E.) These allegations of registration provide Plaintiff with a presumption of copyrightability. *See* 17 U.S.C. § 410(c); *Sloane v. Karma Enters., Inc.*, 2008 WL 11340286, at *3 (C.D. Cal. Nov. 3, 2008). And this Court previously determined in denying a motion to dismiss in a different case that Plaintiff "owns a valid copyright in its biographies." *Famous Birthdays, LLC v. SocialEdge, Inc.*, 2022 WL 1591723, at *4 (C.D. Cal. Apr. 14, 2022).

And even though it is not required to do so at this stage of the proceeding, Plaintiff alleges in detail acts of infringement by Defendants. (Compl. ¶¶38-43.)

### 2.    The Agreement Did Not Authorize Passes' Infringement

Passes claims the Agreement permitted it to scrape and use the copyrighted material because its actions constitute "non-public internal use of [Plaintiff's] data." (Motion to Dismiss (Dkt. 44-1) ("Mot.") at 5:12-6:14.) This

1    lawyer-created interpretation of the Agreement fails.

2    *First*, Passes did not limit itself to "non-public internal use[.]"  Where a

3    defendant transfers data to a third party, the use is not internal.  *See ZoomInfo*

4    *Technologies LLC v. Salutary Data LLC*, 2021 WL 1565443, at *3-4 (D. Mass.

5    Apr. 21, 2021) (concluding plaintiff was reasonably likely to succeed on breach

6    of contract claim where defendant was limited to "internal use" of plaintiff's

7    data, but nonetheless transferred such data "to third parties."); *cf. Digital Envoy,*

8    *Inc. v. Google, Inc.*, 2005 WL 2174958, at *2-3 (N.D. Cal. Sep. 8, 2005) (finding

9    Google complied with "internal use" restriction where "no third party could

10   access [plaintiff's] proprietary data.").

11   Here, the Complaint alleges "Passes fed each copied Famous Birthdays

12   bio into the chatbot ChatGPT…."  (Compl. ¶41.)  Transferring the data to an

13   external third-party—which now possesses the data—is not an "internal" use

14   thereof.  Worse, after Passes used ChatGPT to rework the bios, Passes displayed

15   these derivative works on its public website—the antithesis of a "non-public

16   internal use."  (Compl. ¶43.)

17   *Second*, Defendants' expansive reading of what constitutes "non-public

18   internal use" is contradicted by the Agreement's next sentence: "[Passes] shall

19   not transfer, sell, or publicly display the data."  (Compl. Ex. A at §4.1.)  Passes'

20   interpretation would render this language superfluous.  *See JPaulJones, L.P. v.*

21   *Zurich Insurance Company, (China) Limited*, 2022 WL 1135424, at *1 (9th Cir.

22   2022) ("An interpretation which gives effect to all provisions of the contract is

23   preferable to one which renders part of the writing superfluous, useless or

24   inexplicable.").

25   *Third*, Passes was only permitted to make non-public internal use of the

26   data "made available through the Services" (Compl. Ex. A at §4.1)  The

27   Agreement permitted no more than 2,500 monthly lookups.  (*Id*. at §§2.1-2.5.)

28   Looking up over 100,000 bios exceeded permissions, as did the scraping and

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

13

public posting. (Compl. ¶¶37-40.)

*Fourth*, Passes was only permitted to make non-public internal use of the data "for the duration of the term of this Agreement." (Compl. Ex. A at §4.1.) Plaintiff terminated the Agreement on August 21, 2024. (Compl. ¶45.) The Agreement permits either party to terminate "on three days' written notice." (Compl. Ex. A at §3,4.2.) Thus, no matter what, Plaintiff stated a claim because Passes continued to use the data after termination. (Compl. ¶46.)

### 3. Defendants Ignore Two Theories Of Copyright Liability

Defendants only address whether its public display of the Works constitutes an infringing derivative work while ignoring other allegations: (1) copying the Works onto the Passes server violated an exclusive right belonging to Plaintiff; and (2) feeding these copies to ChatGPT, a third-party, violated Plaintiff's exclusive right to reproduce copies of the Works to a third-party. (Compl. ¶¶38 ("[Passes'] script would then scrape each bio one by one, even though Passes had no right to make copies."), 41 ("Passes fed each copied Famous Birthdays bios into the chatbot ChatGPT, where it asked ChatGPT to rework the language.") & 124 (Passes "'reproduce[d] the copyrighted works in copies' in violation of 17 U.S.C. § 106(1).").)

A copyright owner has "the exclusive rights to do and to authorize any of the following": "to reproduce the copyrighted work in copies[.]" 17 U.S.C. §106(1). Transferring digital works from one device or server to another "infringes the reproduction right." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F.Supp.3d 957, 969 (C.D. Cal. Dec. 12, 2016). In *Disney*, the Court noted "the digitization or input of any copyrighted material, whether it be computer code or visual imagery, may support a finding of infringement notwithstanding only the briefest existence in a computer's RAM" and that "intermediate copies, which cannot be viewed [by the public]" support a copyright infringement claim. *Id.* at 969-70. And, of course, such verbatim copying (Compl. ¶¶ 38-41) was

"total" and "clearly substantial similarity exists[.]"  *Bell v. Wilmott Storage Services, LLC*, 12 F.4th 1065, 1074 (9th Cir. 2021).

By ignoring these allegations, Defendants waive any arguments as to why these theories of infringement should be dismissed.  *See In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, 702 F.Supp.3d 809, 837 (N.D. Cal. 2023) (failure to address in moving papers constitutes waiver).

### 4.   The Passes Wiki Bios Are Infringing Derivative Works

Defendants next argue that the Passes Wiki bios are not derivative works because they had ChatGPT rewrite Plaintiff's bios, such that they "recite similar facts but use different words."  (Mot. at 6:15-7:20.)   Once again, Passes is cherry-picking by only addressing one of three alleged acts of infringement. Regardless, the Passes Wiki bios are infringing derivative works:

#### a.   Plaintiff Alleges Derivative Works Created From Its Bios, Not The Facts Therein

Defendants argue that "the facts that appear in both Passes' and Plaintiff's biographies are not subject to copyright protection."   (Mot. at 6:24-25.) However, the Complaint does not allege that Passes fed unprotected facts from the bios into ChatGPT; it is alleged that "Passes fed each copied Famous Birthdays bio into the chatbot ChatGPT, where it asked ChatGPT to rework the language." (Compl. ¶41.)  The allegations control, not Defendants' self-serving argument.

#### b.   The Bios Are Copyright-Protected And Not Subject To The Virtual Identity Standard

Defendants claim the "biographies are merely a compilation of biographical information," thus Plaintiff must show virtual identity in order to state its claim.  (Mot. at 8:1-27.)  This argument is without legal support because the Works are original prose—"literary works" at the core of copyright

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

protection, not "compilations" that enjoy thinner protection. *Compare* 17 U.S.C. § 102(a)(1) (identifying literary works as copyright subject matter) *with* 17 U.S.C. § 103(b) (identifying limitations in scope of compilation copyrights).

"[T]he amount of creative input … required to meet the originality standard is low." *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 414 (9th Cir. 2018).

"Creation of a nonfiction work, even a compilation of pure fact, entails originality." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 569 (1985) (finding 300 words from autobiography protectable); *see Authors Guild v. Google, Inc.*, 804 F.3d 202, 220 (2d Cir. 2015) ("[A]uthors of factual works, like authors of fiction, should be entitled to copyright protection of their protected expression. The mere fact that the original is a factual work therefore should not imply that others may freely copy it.").

Here, each Famous Birthdays biography is originally written prose by Plaintiff's staff. (Compl. ¶19.) Plaintiff's staff determines how to best turn the universe of information about profiled individuals into a short, punchy, entertaining, and informative biography. (*Id.*) This process includes determining which facts are most salient, and the order and voice in which to express the selected facts. The result is "something recognizably the artist's own." *Satava*, 323 F.3d at 810. Indeed, in 2021, Judge Anderson rejected the argument Defendants make here, when he denied a motion to dismiss copyright claims. *Famous Birthdays*, 2022 WL 1591723, at *4-5.

Defendants' case law is inapposite. In *Experian Information Solutions, Inc. v. Nationwide Marketing Services Inc.*, 893 F.3d 1176 (9th Cir. 2018), the Ninth Circuit considered whether compilations of children's birthdays, coupled

with the name and address pairings of their parents, was copyrightable. *Id*. at 1180. *Experian* did not deal with original prose. Defendants fail to identify a case where originally authored sentences, like those at issue here, were not afforded full protection.

Moreover, even if the Court were to determine the biographies are a compilation of only facts (they are not) and thus the "bodily appropriation" standard applies, Plaintiff still would have stated a claim because Defendants copied bios verbatim. (Compl. ¶¶ 39-41.) This exceeds the "virtual identity" threshold which requires "verbatim reproduction or very close paraphrasing[.]" *Advanta-STAR Automotive Research Corp. of America v. Search Optics, LLC*, 672 F.Supp.3d 1035, 1049 (S.D. Cal. 2023) (concluding factual compilations met "virtual identity" standard where infringing work constituted "wholesale or verbatim instances of copying in regards to plaintiffs' explicit selection and arrangement").

### c.    The Derivative Works Are Substantially Similar

Defendants argue their bios and Plaintiff's bios are not "substantially similar." (Mot. at 9:8-10:4.) Defendants present screenshots of eight bios that they took from Plaintiff's website, and corresponding Passes Wiki bios from the preliminary injunction briefing. (Request for Judicial Notice (Dkt. 43) at Ex. 4.)

This argument fails for two reasons.

### (i)    This Test Is Not For The Pleadings Stage

"Courts must be … cautious before dismissing a case for lack of substantial similarity on a motion to dismiss. Dismissal is warranted only if, 'as a matter of law[,] the similarities between the two works are only in uncopyrightable material or are de minimis.'" *Zindel as Trustee for David Zindel Trust v. Fox Searchlight Pictures, Inc.*, 815 F.App'x. 158, 159 (9th Cir. 2020). "It must be the case that reasonable minds could not differ on the issue

of substantial similarity." *Id.*; *accord Changing World Films LLC v. Parker*, 2023 WL 8044348, at *6 (C.D. Cal. Sep. 12, 2023) (collecting cases and noting a "number of unpublished Ninth Circuit opinions reversing dismissal of cases for lack of substantial similarity support denying the motion to dismiss here").

To perform this analysis, the "copyrighted and allegedly infringing works must be presented to the court, such that the works are capable of examination and comparison." *Zindel*, 815 F.App'x at 159; *see, e.g., McCormick v. Sony Pictures Entertainment*, 2008 WL 11336160, at *7 (C.D. Cal. Nov. 17, 2008) (denying motion to dismiss because works in question not before the court "so the actual extent of the similarities between the two works cannot be decided as a matter of law"). And "there must be no additional evidence that would be material to the question of substantial similarity." *Id.*

Here, only a handful of the over 100,000 instances of infringement have been presented to the Court, and even then, not the full bios used by either side. Performing this test would be premature.

### (ii)    The Substantial Similarity Test Is Satisfied Regardless

The Passes Wiki bios cannot be an original work created by Defendants based on unprotectable facts because Passes simply fed the bios, verbatim, into a chatbot to rework them. (Compl. ¶¶39-41.)

It is a relatively new question how the use of AI to paraphrase originally written prose should be treated when evaluating the substantial similarity standard. At a minimum, reasonable minds could differ as to whether such blatant use of a relatively new technology to mask infringement results in a substantially similar derivative work.

Moreover, the limited case law that has emerged has confirmed that when copyrighted material is fed to an artificial intelligence to rework it, "reliance on 'run of the mill' copyright cases where a showing of substantial similarity

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

between works is required when determining whether an inference of copying can be supported or liability imposed are unhelpful where the copyrighted works themselves are alleged to have not only been used to train the AI models but also invoked in their operation." *Andersen v. Stability AI Ltd.*, 2024 WL 3823234, at *11 n.15 (N.D. Cal. Aug. 12, 2024). In *Andersen*, the Court denied motions to dismiss claims against AI companies for copyright infringement, where the plaintiffs were copyright holders that alleged that the defendants' artificial intelligence tools were used to create derivative works based on plaintiffs' copyright-protected works on the open web. *Id.* 2024 WL 3823234, at *5-20. The court held that plaintiffs sufficiently stated claims for induced infringement by alleging that "third parties using [defendant's AI-powered] products" were able to use those products to create new works that were derived from plaintiffs' copyright-protected works. *Id*. at *12-13.

Indeed, here, the case for infringement is stronger—only Plaintiff's bios were fed to ChatGPT, as opposed to the *Andersen* case where plaintiffs' copyrighted works were among many inputs used to train defendants' artificial intelligence.

Tellingly, even if Defendants had not used AI to rewrite the bios, but had made superficial tweaks to the prose manually, dismissal on substantial similarity grounds would *still* not be proper. The substantial similarity threshold is met even where "only excerpts were copied," the defendant edits the plaintiff's work for clarity, "use[s] about two-third of the protectable material[,]" and "combin[es] two [] sentences, divid[es] a sentence, or rearrang[es] the facts among different sentences[.]" *Los Angeles Times v. Free Republic*, 2000 WL 565200, at *6 n.32 (C.D. Cal. Apr. 4, 2000).

And even if it were correct that Passes included facts beyond the ones it infringed from Plaintiff (an unsupported assertion), it would not negate the substantial similarity. *See Lynx Ventures, LLC v. Miller*, 45 F.App'x 68, 70-71

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

(2d Cir. 2002) ("the key question is the amount of plaintiff's original expression [that] had been copied, not the percentage of the defendant's total material[] that infringed on plaintiff's expression")

Indeed, even under the much more stringent virtual identity standard for pure factual compilations (not applicable here), simply rearranging sentences does not suffice to escape infringement liability. *See Advanta-STAR*, 672 F.Supp.3d at 1052 (concluding that, despite the fact that defendants' description "presents a few facts in a slightly different manner and adds a small number of new sentences, these instances of originality are overwhelmingly outnumbered by those instances in which [d]efendants' word choices, phrasing, and arrangement of information are nearly identical to [p]laintiff's.")

Thus, even if substantial similarity was properly considered on the pleadings (it is not), and even if the entirety of the infringing works were before the Court (they are not), and even if Defendants had not used AI to mask their infringement (they have), Defendants would still fail to show a lack of substantial similarity.

### d. The Fair Use Argument Fails

#### (i) Fair Use Is Not A Determination Made On The Pleadings

"Whether a use of a copyrighted material is a 'fair use' is a mixed question of law and fact." *Abend v. MCA, Inc.*, 863 F.2d 1465, 1468 (9th Cir. 1988). To "undertake the fair use analysis, a court usually must make factual findings, or rely on undisputed or admitted material facts." *Browne v. McCain*, 612 F.Supp.2d 1125, 1130 (C.D. Cal. 2009). Thus, "in light of a court's narrow inquiry at [the 12(b)(6)] stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a 12(b)(6) motion." *Id.* (collecting cases). In *Browne*, the Court denied the motion to dismiss because "[t]he facts, as alleged in the complaint, are simply

insufficient to conduct a thorough analysis of fair use at the time[,]" including because the parties have not yet conducted discovery and "[p]laintiff is not yet aware of all relevant and material facts … potentially refuting [defendant's] fair use defense." *Id*.

Emblematic of this guidance, all but one of Defendants' fair use cases consist of motions for summary judgment with a developed factual record. (Mot. at 10:6-11:23.)  Defendants present only a single unpublished, out-of-circuit case that has applied the fair use doctrine at the pleadings stage.  (Opp. at 10:8-9 (citing *Brody v. Fox Broadcasting Co.*, 2023 WL 2758730, at *1 (S.D.N.Y. Apr. 3, 2023).)  But there the district court only applied the doctrine at the pleadings stage "[b]ecause fair use is clearly established on the face of amended complaint and its incorporated exhibits[.]" *Brody*, 2023 WL 2758730, at *1 (use of photo, pictured in an FBI complaint, of people at the Capitol on January 6, 2021, in a news report was fair use that could be determined on pleadings because all exhibits attached).

That is not the case here.  Plaintiff's bios are not exhibited in the Complaint, nor are the copies made by Defendants or the derivative works posted publicly.  And discovery will reveal more about Defendants' intent in obtaining and using the bios, which will inform the fair use analysis.  The Court should decline to determine fair use on the current record.

### (ii)    The Fair Use Argument Also Fails On The Merits

Fair use is determined on the basis of the following non-exclusive factors: (1) the purpose and character of the use, including whether such is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." *Monge v. Maya*

*Magazines, Inc.*, 688 F.3d 1164, 1171 (9th Cir. 2012).

"The Supreme Court has stated that 'every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright.'" *Id.* at 1176. "Commercial use is a 'factor that tends to weight against a finding of fair use' because 'the user stands to profit from exploitation of the copyrighted material without paying the customary price.'" *Id.* "If an original work and a secondary use share the same or highly similar purposes, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use." *Andy Warhol Found. Visual Arts v. Goldsmith*, 598 U.S. 508, 532-33 (2023). Indeed, in the case of commercial use, not only does the first factor weigh against a finding of fair use, but "the likelihood of market harm 'may be presumed.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 531-32 (9th Cir. 2008) (affirming rejection of fair use defense).

The first factor favors Plaintiff. Passes' motivation was commercial—it launched a competing website.

The second factor favors Plaintiff. As to the nature of protected Works, these are literary works of non-fiction, which are at the "core" of copyright protection.

The third factor favors Plaintiff. Passes copied over 100,000 bios verbatim, thus the volume and similarity is not in dispute.

The fourth factor—which is presumed in Plaintiff's favor due to Passes' commercial intent—weighs overwhelmingly against fair use. "To defeat a fair use defense, 'one need only show that if the challenged use should become widespread, it would adversely affect the *potential* market for the copyrighted work.'" *VHT, Inc. v. Zillow Group, Inc.*, 918 F.3d 723, 744 (9th Cir. 2019) (emphasis in original). If it became widespread for companies to take Plaintiff's protected bios en masse and launch competing Wiki products, it would eliminate

the market for Plaintiff's copyrighted Works.  *See Maya*, 688 F.3d at 1180-81 (finding effect of competitor's infringement was to cut into plaintiff's market share, thus the fourth factor weighed against fair use).

Defendants' lead case, *Ticketmaster Corp. v. Tickets.com, Inc.*, 2003 WL 21406289 (C.D. Cal. Mar. 7, 2003), is distinguishable.  There, the defendant used "an electronic program" to review TicketMaster's publicly available web pages to glean information about events.  *Id.* at *2.  Unlike here, the information copied in TicketMaster was *not* copyright-protected; notably, defendant's electronic program discarded any copyrighted material.  *Id.*  And the effect here of Famous Birthdays having a competitor with substantially similar bios taking market share and search traffic is not "of course nil," as determined in *TicketMaster*.  *Id.*

### e.    Defendants' Registration Argument Fails

Defendants argue that Plaintiff has not shown that all 100,000 of the bios they appropriated are subject to its copyright registrations, of which the latest is dated February 2022.  (Mot. at 12:3-15.)  This argument fails for two reasons.

### (i)    Defendants Only Show 2 Out Of 100,000 At-Issue Bios Were Not Registered

Plaintiff alleges over 100,000 instances of infringement and provides 14 examples.  (Compl. ¶¶ 48-98.)  Defendants point to two of the 14 examples— Angel Reese and Mark Terzo—as not having been deposited as of Famous Birthdays' most recent deposit with the Copyright office in February 2022. These individuals were not profiled on Famous Birthdays until after February 2022.  Defendants do not—and cannot—show that the other 12 examples, much less the other over one hundred thousand alleged infringing bios are not part of the February 2022 registration.  Moreover, as discussed in § IV(A)(1) *supra*, at the pleadings stage, Plaintiff is not required to allege every single copyright and

every single act of infringement.  Defendants fail to provide a single case providing for dismissal on this ground.

### (ii)    Registration Is Not A Prerequisite To Copyright Protection

Even as to the two examples of biographies that have not yet been registered, due to their recency, they are still entitled to copyright protection because "[c]opyright registration is not a prerequisite to a valid copyright[.]" *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). Copyright's "registration requirement is collateral to the merits determination." *VHT Inc. v. Zillow Grp. Inc.*, 69 F.4th 983, 987 (9th Cir. 2023).  "Copyright protection runs from the work's creation, not from registration." *Id.*

Plaintiff periodically registers copyrights in updated versions of its collection of biographies, given that these biographies are updated and supplemented regularly.  That a minute percentage of the bios Defendants stole have not yet been deposited does not alter the fact that Passes is alleged to have copied, at scale, biographies included in Plaintiff's copyright registrations. Importantly, for any unregistered biographies that Defendants may have appropriated, the registration requirement of 17 U.S.C. § 411(a) is not jurisdictional.  *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) (holding court had jurisdiction to approve class-action settlement concerning both registered and unregistered works).

### B.    Plaintiff's Section 502 Claim Is Well-Pled

### 1.    Plaintiff Has Standing

Defendants argue that Plaintiff failed to plead injury emanating from the Section 502 violations.  (Mot. at 12:26-13:17.)  Plaintiff's allegations well exceed its pleading burden.

"Section 502 sets no threshold level of damage or loss that must be reached to impart standing to bring suit.  Under the plain language of the statute,

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

**Katten**

1  any amount of damage or loss may be sufficient." *Mintz v. Mark Barelstein and*
2  *Associates Inc.*, 906 F.Supp.2d 1017, 1032 (C.D. Cal. 2012) (quoting *Facebook,*
3  *Inc. v. Powers Ventures, Inc.*, 2010 WL 3291750, at *4 (N.D. Cal. July 20,
4  2010)).   Thus, in *Mintz*, the mere fact that the plaintiff "spent some time
5  restoring his Gmail password and investigating who had hacked his Gmail
6  account[,]" sufficed to permit summary judgment in favor of plaintiff on the
7  Section 502 claim.  *Id.*; *see Power Ventures*, 2010 WL 3291750, at *4 ("a few
8  clicks of a mouse … and ten keystrokes" satisfied damages requirement).

9  Plaintiff has alleged that its staff has identified "over 100,000 examples"
10 of infringing bios on Passes Wiki.  (Compl. ¶100.)  This is more time and
11 resources than the low threshold established in *Power Ventures* and *Mintz*.

12 Plaintiff also alleged Defendants' Section 502 violations resulted in
13 wholesale theft of its data.  (Compl. ¶114.)  This independently satisfies the
14 damages element.  *See In re Facebook, Inc. Internet Tracking Litigation*, 956
15 F.3d 589, 600 (9th Cir. 2020) (misuse of plaintiff's data constitutes loss under
16 Section 502); *Facebook, Inc. v. Power Ventures, Inc.*, 2013 WL 5372341, at *7
17 (N.D. Cal. Sep. 25, 2023) (theft of data alone sufficient as Section 502 "does
18 not require that any data that was taken be valuable").

19 Moreover, Plaintiff goes even further and alleges the Section 502
20 violations led to the creation of a competitor website that has harmed Famous
21 Birthdays' standing in the market, its reputation, its search engine optimization
22 and placement as a top Google search result and has diverted hundreds of
23 thousands of visitors away from its website.  (Compl. ¶114.)  Defendants claim
24 that because Plaintiff also has other causes of action, it has somehow failed to
25 show that the Section 502 violations are the cause of these injuries.  No law is
26 provided to support this puzzling position.

27  **2.   Plaintiff Has Exceeded Its Pleading Burden**
28  Defendants argue that Plaintiff's Section 502 claim "sounds in fraud" and

must be pleaded with particularity.  However, no allegations that "sound in fraud" are to be found.  (*See* Compl. ¶136.)  The general pleading standard of F.R.C.P. 8 applies.  *See Runway Beauty, Inc. v. Runway Magazine, Inc.*, 2010 WL 11549356, at *2 (C.D. Cal. July 12, 2010) (denying motion to dismiss 502 claim under Rule 8 standard).

However, Plaintiff has met its burden under either standard.  It alleged with specificity the "who, what, where, when, and how" of how Defendants stole its data. Plaintiff alleged in the Complaint that between April 15 and 20, 2024, Passes, under Guo's credentials, pinged Famous Birthdays' API over 106,000 times to scrape data, fed that data into ChatGPT, and bios with striking similarity appeared shortly thereafter on Passes' webpage.  (Compl. ¶¶ 35-39.)

Defendants' suggestion that Plaintiff has not asserted this claim with particularity fall flat.  *See Craigslist, Inc. v. Mesiab*, 2009 WL 10710286, at *10 (N.D. Cal. Sept. 14, 2009) (Section 502 was sufficiently pleaded where plaintiff alleged defendants accessed computer system to obtain information which was improperly used).

Defendants' sole case, *Nowak v. Xapo*, contained none of the specificity present here.  There, in a hacking case, the plaintiff did "not specifically state which subsection of the CDAFA [d]efendant violated" and "fail[ed] to allege that [d]efendant was involved in the hacking itself, directly or indirectly."  2020 WL 6822888, at *5 (N.D. Cal. Nov. 20, 2020).   The Complaint here states with specificity which subsections were violated and how and alleges that Passes, under Guo's credentials, was the perpetrator.  (Compl. ¶¶ 132-141.)

### 3.    Defendants Rely On The Wrong Legal Standard For Section 502(c)(1-2, 4, 6-7) And Misapply The Law

Defendants rely heavily on *Van Buren v. United States*, 593 U.S. 374 (2021), to assert that they did not act without authorization or exceed authorized access to Plaintiff's data.  (Mot. 15:18-17:5.)   *Van Buren* interprets what constitutes

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

"unauthorized access" of a protected computer by a defendant under the required element of the *federal* anti-computer hacking statute. *Van Buren*, 593 U.S. at 396. However, as the Ninth Circuit has held, Section 502's statutory language requires only "knowing access" of a protected computer followed by subsequent "unauthorized use" of the data thereon, and thus there is no "unauthorized access" element to Section 502. *U.S. v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015) (emphases in original) (in "contrast to the CFAA, the California statute does not require *unauthorized access*. It merely requires *knowing access*."). Defendants' discussion of *Van Buren* is irrelevant.

Thus, even where a defendant has authorization to access a computer, "[w]hat makes the access is unlawful is that the person 'without permission takes, copies, or makes use of' data on the computer." *Id*. (quoting Cal. Penal Code § 502(c)(2).) "A plain reading of the statute demonstrates that its focus is on unauthorized taking or use of information." *Id*. Thus, a party violates Section 502, where they have a "valid password" to log into a database, but then "subsequently take[], copy[], or us[e] the information in the database improperly." *Id*.

Consistent with *Christensen*, this Court has repeatedly held that merely using data for impermissible purposes violates Section 502. *See PerkinElmer Health Sciences, Inc. v. Mahnaz Salem*, 2021 WL 2548684, at *3 (C.D. Cal. Apr. 9, 2021) (granting preliminary injunction because employee, who "was authorized to have access to the data" breached her employment agreement "in which she promised to keep proprietary information confidential."); *Rebecca Bamberger Works, LLC v. Bamberger*, 2024 WL 2805323, at *5-6 (S.D. Cal. May 31, 2024) (likelihood of success established on Section 502 claim where CEO used company's data for prohibited purposes, despite lawful access to it). In neither of these cases was "computer hacking" involved. *See Satmodo, LLC v. Whenever Communications, LLC*, 2017 WL 1365839, at *6 (S.D. Cal. Apr. 14, 2017) (under Section 502, "circumventing technical barriers is not the only way to access or use a computer

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax

'without permission'").

Defendants' "without permission" argument is legally flawed as a result. The position that Defendants could not have violated Section 502 because they had login credentials is contrary to *Christensen* and its progeny. (Motion 14:10-17:5.) Faced with straightforward allegations that Defendants exceeded their privileges in violation of Section 502—exceeding 2,500 lookups, copying, external use of data (Compl. Ex. A §§ 2.1-2.5, 4.1.)—Defendants have resorted to misciting binding authority.

Defendants also incorrectly cite case law holding that violation of the terms of use of a website—without more—cannot establish liability for Section 502 claims. (Opp. at 14:17-22.) The Ninth Circuit has confirmed that violation of a Terms of Service of a website *alone* does not create liability but if a defendant has individualized notice of a party's intellectual property rights—as was the case here due to the Agreement—that, combined with the Terms of Service, creates liability under Section 502. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016) (holding once defendant had individualized notice that plaintiff's data was protected, its subsequent copying of the data in violation of Terms of Service violated Section 502).

### 4.    Plaintiff Has Alleged A Violation of Section 502(c)(8)

Any defendant that "[k]nowingly introduces any computer contaminant into any computer, computer system, or computer network" is in violation of § 502(c)(8). A computer contaminant is "[a]ny set of computer instructions that are designed to . . . record, or transmit information within a computer system, or computer network without the intent or permission of the owner of the information." CALJIC §16.555.

An automated script designed to transmit, without permission, data contained within a computer system satisfies this requirement. *See In re Meta Healthcare Pixel Litig.*, 713 F.Supp.3d 650, 656-67 (N.D. Cal. 2024) (affirming

that a "cookie" that transmits information to Facebook is a computer contaminant, as defined by Section 502(c)(8)).  And a computer contaminant has been employed without permission even where "initial access was with permission" if "thereafter" the "embedded technology [is used] "to transmit information within the computer system without the intent or permission of the owners of the information." *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F.Supp.3d 1056, 1074 (N.D. Cal. 2018) (denying motion to dismiss on this ground).

Defendants introduced a computer contaminant into Plaintiff's computer systems, an automated script that pinged over 100,000 of Plaintiff's bios one-by-one, every 2 seconds, over the course of a few days.  (Compl. ¶ 38.)

### C.    Famous Birthdays' UCL Claim Is Well-Pled

defendants' conduct is unlawful and unfair, as it violates the Copyright Action and Section 502—moreover, it offends the public policies underlying policies underlying them.  *See In re Adobe Sys., Inc. Priv. Litig.*, 66 F.Supp.3d 1197, 1227 (N.D. Cal. 2014).

Defendants' argument that Plaintiff lacks standing also fails as "allegations of lost market share support[] a UCL claim[.]" *Law Offices of Mathew Higbee v. Expungement Assistance Services*, 214 Cal. App. 4th 544, 558 (2013).  Defendants' preemption argument fails too because Plaintiff's rights under Section 502 are not "equivalent" to their copyright rights.  *See Nortel Networks Ltd. v. Platinum Networks, Inc.*, 2006 WL 8455246, at *2 (S.D. Cal. May 11, 2006) (UCL claim not pre-empted by Copyright Act where it was based on defendants' "unlawful acquisition, conversion, and misappropriation" of plaintiff's data).  And Plaintiff's allegation of irreparable harm warrants equitable relief.

**Katten**

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel +1 310.788.4471 fax

D.    **Plaintiff's Contract Claim Is Well-Pled**

1.    **Passes Violated Contractual Limitations**

Defendants attempt to rewrite the Agreement. The Agreement provides: "The data and information made available through the Services (the 'Data') ***are the intellectual property of Famous Birthdays***. Famous Birthdays hereby grants Customer a license to make ***non-public, internal use*** of the data for the Business Purposes of the Customer for the duration of the term of this Agreement. ***Customer shall not transfer, sell, or publicly display the data***. (Compl. Ex.A at §4.1 (emphases added).)

Plaintiff has alleged Passes violated this term by transferring its data to a third-party, ChatGPT (an external use), and then making public use of the data by putting it on the open web. (Compl. ¶¶ 38-41.)

Moreover, Passes was only provided a license to make non-public internal use of the data "made available through the Services[.]" (*Id*. Ex. A at §4.1.) Passes abused its limited license to obtain data well beyond what was made available, such as by exceeding the 2,500 lookup limitation.

Passes seeks to rewrite this limitation by stating that, to the contrary, Famous Birthdays was required to provide "Passes a minimum" of 2,500 searches per month. (Opp. at 23:18-19.) But the Agreement does not include the words "minimum" or "at least." *See Tehama-Colusa Canal Authority v. U.S. Dept. of Interior*, 819 F.Supp.2d 956, 996 (E.D. Cal. Aug. 2, 2011) ("A court 'cannot under the guide of construction, add words to a contract, which would impermissibly re-write that contract.'").

Finally, Defendants point to the provision in the contract which states that Passes "may use the data in a manner that would otherwise be restricted by this Agreement where such Data is, through no fault of the Customer's, unprotectable under applicable law." (Compl. Ex. A at §4.1.) Here, the data was protected pursuant to Section 502 and the Copyright Act. As such, this

30

provision cannot cleanse Passes' misconduct.

### 2.   Plaintiff Has Alleged Damages

Passes claim that Plaintiff has "not suffered damages" is unpersuasive. Plaintiff has plainly alleged damages: Passes' breaches resulted in the creation of a competitor website that has harmed Plaintiff's standing in the market, its reputation, its search optimization and placement as a top Google search result and has diverted web traffic.  (Compl. ¶114.)

And Passes request for a $5,000 damages cap has no support in the law. There is no such limitation on damages.  *See CTC Global. v. Huang*, 2019 WL 4565180, at *3 (C.D. Cal. Aug. 7, 2019) (contract damages available under Cal. Civ. Code § 3300 "include not only actual losses but also unjust enrichment[,]" including "unjust gains [defendants derived] from using [plaintiff's] confidential information in violation of their [] agreements.");  *see also Tradeshift, Inc. v. BuyerQuest, Inc.*, 2021 WL 4306011, at *8 (N.D. Cal. Sep. 22, 2021) (where defendant misused plaintiff's information to steal its market share, lost profits were proper measure of general damages).

Moreover, disgorgement is permitted.  *See Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 F.App'x 665, 668 (9th Cir. 2010) ("Under California law, disgorgement of improperly obtained profits can be an appropriate remedy for breach of a contract protecting trade secrets and proprietary confidential information.").

### E.   Alternatively, Leave To Amend Should Be Granted

"Generally, Rule 15 advises the court that 'leave shall be freely given when justice so requires.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) "This policy is 'to be applied with extreme liberality.'"  *Id*.  If necessary, Plaintiff requests leave to amend.  The motion to dismiss does not set forth any reason why leave to amend would be futile.

# V. CONCLUSION

For the foregoing reasons, Plaintiff requests the Motion be denied in its entirety, or alternatively, leave to amend be granted.

Respectfully,

DATED:  December 24, 2024          KATTEN MUCHIN ROSENMAN LLP

By: _____
    CHRISTOPHER D. BEATTY
    Attorneys for Plaintiff
    FAMOUS BIRTHDAYS, LLC


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Famous Birthdays, LLC, certifies that this brief contains 6,947 words, which complies with the word limit of L.R. 11-6.1.

DATED:  December 24, 2024          KATTEN MUCHIN ROSENMAN LLP

By: _____
    CHRISTOPHER D. BEATTY
    Attorneys for Plaintiff
    FAMOUS BIRTHDAYS, LLC

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1 310.788.4400 tel  +1 310.788.4471 fax