NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel. (650) 752-3100
Fax: (650) 853-1038

SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, CA 94105
Tel.: (415) 733-6000
Fax: (415) 677-9041

Attorneys for Defendants
PASSES, INC. and LUCY GUO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FAMOUS BIRTHDAYS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PASSES, INC., a Delaware corporation; and LUCY GUO, an individual,<br><br>Defendants. | Case No. 2:24-cv-08364-CBM-SSC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date:      January 14, 2025<br>Time:     10:00 A.M.<br>Ctrm.:     8-D<br>Judge:    Hon. Consuelo B. Marshall<br><br>Action Filed:    September 27, 2024 |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION. ...................................................................................................1

II. ARGUMENT.........................................................................................................1

   A. The Copyright Claim Must Be Dismissed. ......................................................1

      1. Plaintiff's Concessions Defeat the Claim as a Matter of Law. ....................1

      2. Plaintiff Fails To Address That the Agreement Authorized Defendants' Use. ...............................................................................................................2

      3. Allegations of Infringement by "Creating Copies" and "Feeding to ChatGPT" Are Not Properly Pled. ................................................................3

      4. The Virtual Identity Standard Applies Because the Biographies Are Factual Compilations....................................................................................4

      5. Plaintiff's Fair Use Arguments Should Be Rejected....................................5

   B. Plaintiff Has Not Stated a Viable Section 502 Claim. ......................................5

      1. Plaintiff Admits Its "Fraud" Allegations Are False. ....................................5

      2. Plaintiff Lacks Standing to Bring a CDAFA Claim......................................5

      3. Plaintiff Still Fails to Plead Facts to Show Defendant Acted "Without Permission"....................................................................................................6

      4. Plaintiff Has Not Salvaged its Section 502(c)(8) Claim. .............................7

   C. Plaintiff Has Not Stated a Viable UCL Claim. .................................................7

   D. Plaintiff Has Not Stated a Viable Breach of Contract Claim...........................8

III. CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................ 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 10

*Experian Info. Solutions, Inc. v. Nationwide Marketing Srvs. Inc.*,
  893 F.3d 1176 (9th Cir. 2018) .............................................................................. 4

*In re Facebook PPC Advert. Litig.*,
  709 F. Supp. 2d 762 (N.D. Cal. 2010) ............................................................. 5, 10

*Famous Birthdays, LLC v. SocialEdge, Inc.*,
  No. CV 21-9562 PA, 2022 WL 1591723 (C.D. Cal. Apr. 15, 2022) .................... 4

*Foster Poultry Farms, Inc. v. SunTrust Bank*,
  377 F.App'x 665 (9th Cir. 2010) ........................................................................ 10

*Hawkins v. Kroger Co.*,
  906 F.3d 763 (9th Cir. 2018) ............................................................................ 7, 8

*hiQ Labs, Inc. v. LinkedIn Corp.*,
  31 F.4th 1180 (9th Cir. 2022) ............................................................................... 6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .............................................................................................. 7

*In re Meta Healthcare Pixel Litig.*,
  713 F. Supp. 3d 650 (N.D. Cal. 2024) .................................................................. 7

*In re Oliveras*,
  103 Cal. App. 5th 771 (2024) ............................................................................... 6

*U.S. v. Christensen*,
  828 F.3d 763 (9th Cir. 2015) ................................................................................ 6

*U.S. v. Van Buren*,
  593 U.S. 374 (2021) .............................................................................................. 6

*ZoomInfo Techs. LLC v. Salutary Data LLC*,
    2021 WL 1565443 (D.Mass. Apr. 12, 2021) .................................................... 2, 3

**Federal Statutes**

17 U.S.C. § 106 (1), (2) ............................................................................................. 1, 3

17 U.S.C. § 106 (1) and (5) ........................................................................................... 1

Copyright Act ................................................................................................................ 8

**California Statutes**

Bus. & Prof. Code § 17200 ............................................................................................ 8

Computer Fraud and Abuse ("CFAA") ......................................................................... 6

Penal Code § 502 .................................................................................................. 5, 6, 8

Penal Code § 502(c) ................................................................................................. 5, 7

Penal Code § 502(c)(8) .................................................................................................. 7

Penal Code § 502(e)(4) .................................................................................................. 5

GOODWIN PROCTER LLP
ATTORNEYS AT LAW

## I. INTRODUCTION.

Plaintiff is frustrated by the inescapable consequences of its own contract. Plaintiff's Pro Agreement provided Passes a paid subscription service and a broad license to use Famous Birthdays' intellectual property for Passes' non-public, internal "Business Purposes." Passes complied with its obligations under the Agreement and used Plaintiff's data accordingly. Plaintiff then manufactured an undisclosed *post hoc* interpretation of terms like "use" and "Business Purposes," and sued ***its own customer*** for using ***the services and data for which Passes paid.***

Plaintiff is a sophisticated party. It drafted the Agreement and, had it wished to prevent Passes from engaging in specific conduct (as alleged here), it could and should have included restrictive terms. It did not. Tellingly, the Opposition ignores Defendants' interpretation of the undefined term "Business Purposes" entirely and does not even attempt to describe the "use" allowed. This silence concedes Passes' conduct was authorized. The Agreement forecloses each of Plaintiff's claims. . For the reasons set forth in the Motion and below, Plaintiff's claims should be dismissed.

## II. ARGUMENT.

### A.  The Copyright Claim Must Be Dismissed.

#### 1.  Plaintiff's Concessions Defeat the Claim as a Matter of Law.

Plaintiff's failure to address three key arguments raised in Defendants' Motion warrants dismissal of its Copyright claim: *First*, Famous Birthdays does not dispute that "[it] concedes that Passes' factual biographies do not use the same expression as Plaintiff's biographies." Mot., 6:6-7 (quoting Compl., ¶¶43, 59, 127). None of Plaintiff's copyright-protected biographies was "reproduced in copies," or "displayed . . . publicly." *See* 17 U.S.C. § 106 (1) and (5). And Defendants did not use protected elements to create derivative works. *Id.* at § 106 (2).[1]

*Second*, Plaintiff does not dispute that "[it] places no restriction on the so-

---

[1] Plaintiff attempts to circumvent this fact by arguing, without alleging, that feeding verbatim copies to ChatGPT constitutes infringement fails. *See* §§ II(A)(2),(D).

called 'Business Purposes,'" "offers no definition of that term," and "nothing in the Agreement prohibits Passes from making copies of the biographies (or any other data) as part of its 'use' of the data to effectuate its 'Business Purposes.'" Mot., 5:24-6:2. Any copies of Plaintiff's biographies (obtained via scraping) or use of a tool (ChatGPT) to "rework" the data to create something for Passes' business is authorized under the Agreement and cannot violate any of Plaintiff's copyrights.

*Third*, Plaintiff concedes "[t]hat a minute percentage of the bios defendants allegedly stole have not yet been [registered]" and that two of the 14 exemplar biographies "were not profiled on Famous Birthdays until after February 2022." *See* Opp., 24:14-15. Moreover, Plaintiff fails to identify *any allegations* that the other 12 examples (or any of the 106,000 profiles allegedly at-issue) *are included* in the Copyright Registrations. These failings are fatal to Plaintiff's copyright claim.

### 2. Plaintiff Fails To Address That the Agreement Authorized Defendants' Use.

Plaintiff ignores that its Agreement does not prohibit Passes from making copies of the biographies for its own non-public, internal use. Mot., 5:20-6:2; Compl., Ex. A ("Ex. A"), §4.1. Instead, Plaintiff argues that (1) Passes' use was not "internal," and (2) after using ChatGPT to "rework the bios, Passes displayed these derivative works on its public website." Opp., 13:2-16.

Plaintiff incorrectly relies on *ZoomInfo Techs. LLC v. Salutary Data LLC* to support its first argument.. 2021 WL 1565443, *4 (D.Mass. Apr. 12, 2021). In *ZoomInfo*, the court found that Salutary violated a license by not restricting its own customers from selling or distributing ZoomInfo data to third parties. Importantly, those customers were restricted to reviewing data for "their own individual, internal use." *Id.* These facts are not present here. Instead, Plaintiff granted Passes a license to make "non-public, internal use of the data for Business Purposes." Ex. A §4.1. The Agreement contains no prohibition against Passes' non-public use of ChatGPT to rework publicly available facts. Ex. A, §§2, 4, generally. Moreover, Plaintiff does

Goodwin Procter LLP
Attorneys at Law

not allege that Defendants' use of ChatGPT was public or that using ChatGPT transformed Passes' "non-public, internal use of the data" into public use. Far from "hid[ing] their misconduct" (as alleged by Plaintiff), the use by Passes was precisely contemplated.

Plaintiff's second argument—that Passes publicly displayed derivative works—also fails. Opp., 13:14-16. As Defendants' discussed in their Motion and in Section II(A)(1)(4), the "subsequent placement of the resulting biographies on 'its public facing 'wiki' platform' is likewise authorized under the Agreement because Passes' biographies only contain unprotectable facts from Plaintiff's biographies." Mot., 6:3-5.

### 3.   Allegations of Infringement by "Creating Copies" and "Feeding to ChatGPT" Are Not Properly Pled.

Plaintiff's copyright claim is based on the display of Passes' (now removed) public biographies. *See* Compl., ¶¶124-126 (quoting or refencing 17 U.S.C. §106 (1), (2) and/or (5)). To save its faulty claim, Plaintiff incorrectly argues that "copying the Works onto the Passes server" and "feeding these copies to ChatGPT" infringed its copyrights, but the Complaint contains no such allegations. Opp., 14:11-13. The word "server" appears nowhere in the Complaint.

Similarly, Plaintiff does not allege that "feeding these copies to ChatGPT" is a basis for its infringement claim. Plaintiff alleges only that ChatGPT is a tool that Passes used to create its biographies that, when posted, violated Plaintiff's copyrights. Compl., ¶5. Plaintiff's post-filing attempt to revise its chatbot allegations to mean anything else is unsupported by the Complaint and law. Opp., 14:14-17 (citing Compl., ¶¶38, 41 (describing mechanical use of ChatGPT) and 124 (devoid of any mention of ChatGPT)).

### 4. The Virtual Identity Standard Applies Because the Biographies Are Factual Compilations.

Plaintiff misleadingly characterizes its factual compilations as "literary works" to overcome longstanding law affording only a "thin protection" for factual compilations. *Experian Info. Solutions, Inc. v. Nationwide Mktg. Servs. Inc.*, 893 F.3d 1176, 1186 (9th Cir. 2018). The Complaint contains nearly a dozen different references to Passes' use of the same "facts" or "details" or "information" found in Plaintiff's biographies. *See*, *e.g.*, Compl., ¶¶42, 47, 50, 55, 71, 83, 93, 100, 112. Similarly, the registration certificate (Compl., Ex. D) calls the "Work" "Famousbirthdays.com select celebrity details." Plaintiff has not provided any authority supporting its contention that these are *literary* works and has conceded that the expression between the parties' biographies are different. *See* Section II(A)(1); *see also* RJN Exs. 4 (side-by-side images), 5 (redline comparisons).

Further, Judge Andersen previously suggested Plaintiff's biographies are factual compilations. *See Famous Birthdays, LLC v. SocialEdge, Inc.*, 2022 WL 1591723, at *5 (C.D. Cal. Apr. 15, 2022).

Plaintiff next argues that "bodily appropriation" has occurred. The Ninth Circuit has rejected this argument as a matter of law even when 80% of the works in a factual compilation were copied verbatim. *Experian*, 893 F.3d at 1168. Far fewer than 80% are alleged to be infringed here. Compl., ¶¶20, 38.

Further, Plaintiff's AI-related case law is inapposite and should be disregarded. Opp., 18:26-19:17. This is not a case about whole use of protected works, such as novels and opinion pieces based on investigative journalism, to train AI systems. This is a case where a commercial entity granted a broad license to another entity to use its data for "Business Purposes," without any limitation on the tools or technologies that the licensee can use. There was no prohibition on use of AI tools under an express license.

### 5. Plaintiff's Fair Use Arguments Should Be Rejected.

Plaintiff's assertion that discovery will somehow reveal information about Passes' intent is entirely unfounded and irrelevant to the fair use analysis. Plaintiff did not address Defendants' arguments,[2] and the authority it offers is inapposite. Also, Plaintiff inaccurately characterizes *Ticketmaster Corp. v. Tickets.com, Inc.*, 2003 WL 21406289 (C.D. Cal. Mar. 7, 2003), which involved a program that "gathered copyrightable and non-copyrightable information alike." *Id.* at *5.

## B. Plaintiff Has Not Stated a Viable Section 502 Claim.

### 1. Plaintiff Admits Its "Fraud" Allegations Are False.

In an effort to avoid Rule 9(b), Plaintiff argues that its Complaint contains "no allegations that 'sound in fraud.'" Opp., 26:1-2. It failed to explain, however, its explicit fraud allegations: "scheme or artifice to **defraud**, **deceive**, or extort," (Compl., ¶135), "Defendants' oppressive, **fraudulent** and malicious conduct under §502(e)(4)," (*id.* ¶142), and "**fraudulent** business act or practice." *Id.* ¶¶146, 148 (emphasis added). Plaintiff cannot now run away from its own allegations.

### 2. Plaintiff Lacks Standing to Bring a CDAFA Claim.

Plaintiff's opposition mischaracterizes case law in an attempt to argue that its vague damages allegations are sufficient to meet the threshold for standing to establish a CDAFA claim. Plaintiff fails to address the fundamental deficiencies in its Complaint. *See* Mot., 12:27-13:17. First, Plaintiff purports to assert its CDAFA claim against "all defendants," but the Complaint is devoid of any allegations linking Ms. Guo to any purported harm under Section 502(c). Second, the Complaint lacks any factual allegations that Plaintiff actually suffered harm as a result of alleged violations. Plaintiff's reliance on cases like *Facebook, Inc. v. Power Ventures, Inc.*,

---

[2] Plaintiff's arguments for the second and third factors should be rejected for the reasons described above and in the Motion. Sec. (II)(A)(4)(factual compilations, not literary work); (II)(A)(1),(3)(basis for alleged infringement does not contain protectable elements).

*Mintz v. Mark Bartelstein & Assocs. Inc.,* and *In re Facebook, Inc. Internet Tracking Litig.* is misplaced. *See* Opp., 24:27-25:18. Those cases involved specific and concrete allegations of harm—such as demonstrated expenditures, time spent remediating a breach, or unjust enrichment from valuable user data. Plaintiff's conclusory claims, devoid of factual support, fail to meet the standing requirements to bring a CDAFA claim.

### 3. Plaintiff Still Fails to Plead Facts to Show Defendant Acted "Without Permission"

Plaintiff attempts to undermine the significance of the 2021 U.S. Supreme Court holding in *U.S. v. Van Buren* with *U.S. v. Christensen*, 828 F.3d 763 (9th Cir. 2015). In *Van Buren,* the Supreme Court settled what the *Christensen* court considered the difference between the CFAA and CDAFA. 593 U.S. 374, 396 (2021). *Christensen* distinguished the CFAA from the CDAFA noting the former criminalized "unauthorized access" whereas the latter focused on "unauthorized taking or use of information." 828 F.3d at 789. Six years later, however, the Supreme Court directly addressed this distinction, concluding that "an individual 'exceeds authorized access' when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him." 593 U.S. at 395. This year, the *In re Oliveras* court adopted *Van Buren's* reasoning, and interpreting *the CDAFA*, found (as is true here) the defendant "was authorized to access his tablet," but "did not engage in the type of conduct Section 502 was designed to criminalize" even though he used his access for an improper purpose. 103 Cal. App. 5th 771, 782 (2024). Since *Van Buren*, other courts have rejected the *Christensen* analysis and recognized the CDAFA is the CFAA's state-law counterpart. *See, e.g., hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1194 n.11 (9th Cir. 2022). Here, Plaintiff authorized Passes to access and use its data and information. Plaintiff's grievance stems from *how* Passes used its authorized access. *Van Buren* and *Oliveras* make clear that such conduct does not

violate Section 502(c).

### 4. Plaintiff Has Not Salvaged its Section 502(c)(8) Claim.

Plaintiff has not alleged, and fails to explain, what set of computer instructions Passes introduced to wreak havoc "*within* [Plaintiff's] computer, computer system or computer network." Mot., 17:8-16. Indeed, the automated script in question is a tool designed *by Plaintiff* to access public information. Plaintiff's reliance on *In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650, 656 (N.D. Cal. 2024), is unavailing. That case involved a covert Meta Pixel, implemented without authorization, to track user activity without user consent. *Id*. Plaintiff's attempt to equate these fundamentally different mechanisms is wrong.

### C. Plaintiff Has Not Stated a Viable UCL Claim.

Plaintiff does not have standing and has failed to identify a single allegation in the Complaint that suggests it does. Opp., 29:17-19. A "plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Mot., 18 quoting *Reyes v. Nationstar Mortg. LLC*, No. 15-CV-01109-LHK, 2015 WL 4554377, at *10 (N.D. Cal. July 28, 2015) (citations and quotation marks omitted); se*e also, Hawkins v. Kroger Co*., 906 F.3d 763, 768 (9th Cir. 2018).

Injury in fact requires "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations, footnote, and internal quotation marks omitted). Far from any allegation of an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent," Plaintiff's allegations are conjectural and hypothetical. Plaintiff cites a case for the proposition that "allegations of lost market share support[]a UCL claim[.]" Opp., 29:17-20. But, Plaintiff has not alleged actual or imminent loss of market share. Instead, Plaintiff alleges that "each diverted Passes

user is a *potential* long-term user of Famous Birthdays [and the parties] are competing for valuable market share in an exponentially growing market sector." Compl., ¶¶118, 119. Plaintiff failed to allege the requisite "injury in fact" and "loss of money or property caused by the [alleged] unfair competition." *Hawkins* 906 F.3d at 768. Its Section 17200 claim must be dismissed.

Plaintiff's Opposition fails to address a single theory on which its Section 17200 claim rests. Mot., 20:14-24. Instead, in an effort to disguise its failure to plead a claim under any of Section 17200's prongs, Plaintiff mentions in passing that "defendants' conduct is unlawful and unfair, as it violates the Copyright Act and Section 502[.]" Opp., 29:13-16. Plaintiff has not pled a claim under the "unlawful" prong, because the Copyright Act preempts the Section 17200 claim. The claims are "equivalent," and Plaintiff failed to plead anything "extra" with respect to its Copyright Infringement Claim. Mot., 19:5-23. Plaintiff attempts to conflate its Copyright claim with its CDAFA claim to support its Section 17200 claim, but the Complaint does not support Plaintiff's revisionary efforts. *Id.* Notably, Plaintiff appears to have dropped its reference to Section 17200's fraudulent prong, (Opp., 29:13), and failed to plead, or explain how, Passes' conduct threatens an incipient violation of an antitrust law, as it must, to support the "unfair" prong. Mot., 21.

**D.    Plaintiff Has Not Stated a Viable Breach of Contract Claim.**

Plaintiff fails to identify any language in the Agreement that prohibits the use of the publicly-available biographical facts as Passes used them. Instead, Plaintiff argues that (1) the use of ChatGPT violated the prohibition against transferring data, (Opp., 13:17-24), (2) Passes was limited to 2,500 monthly look ups, (*id.*, 27), and (3) Passes' use exceeded the term of the Agreement. Opp., 14:2-7. The Complaint's factual allegations do not support these new arguments.

***Transferring.*** The Complaint does not contain a single allegation that Passes breached the Agreement by "transferring" data to ChatGPT. In its Opposition Plaintiff identifies a single paragraph (¶41) through which it attempts to shoehorn

this new allegation. Paragraph 41 only refers to ChatGPT (as do the other allegations in the Complaint) as a means to "rework the language" of Plaintiff's factual biographies in order to launch a competing site. These allegations, even if true, do not suggest that Passes "transferred" data to ChatGPT. Instead, the controlling language in the Agreement—"Customer shall not transfer, sell, or publicly display the data"—refers to Plaintiff's efforts to control who owns or possesses the data. Ex. A, §4.1. It does not impose restrictions on Defendants' "non-public, internal use of the data for Business Purposes." Ex. A, §4.1. As discussed in Section A(2), *supra*, Plaintiff admits that the use of ChatGPT was non-public. Furthermore, the term "transfer" in Section 4.1 refers to the (lack of) transferability of Defendants' rights to use the data to another party—for example, transferring Defendants' right to make non-public, internal use of the data to an acquiring company. Defendants did not "transfer" the data to ChatGPT, and the Complaint is devoid of any such allegations.

**Historical Rank Graph Searches.** In its Opposition, Plaintiff ignores that the Agreement *requires Plaintiff* to provide 2,500 "historical rank graph" searches and *provides Passes* access—without limitation—to "the Famous Birthdays Pro API[.]" Ex. A, §§ 2.2 and 2.4, respectively. Instead, Plaintiff argues that it was not required to provide a minimum number of searches while ignoring that Section 2.2 does not *limit Passes*, but instead imposes an *obligation on Plaintiff* to provide searches. (Plaintiff also does not address whether it built in restrictions to prevent Passes from running more than 2,500 searches. See Mot., at 23:13-26, 24:11-14.) The Agreement contains two distinct provisions that are at issue here, which Plaintiff attempts to conflate. Plaintiff alleges that Passes copied "over 100,000 of Famous Birthdays' copyrighted biographies[.]" Compl., ¶1. But Plaintiff glosses over the fact that the biographies and the "historical rank graphs" are not the same. While Plaintiff agreed to provide 2,500 historical rank graphs, it did not limit the number of biographies Defendants could access and use under the license. Indeed, the Agreement is entirely silent on the volume of biographies Defendants could use and restricts such use only

to "non-public, internal . . . Business Purposes." Ex. A, §4.1.

*Post-Termination.* Plaintiff's final last-minute argument—that Passes continued to use Plaintiff's data post-termination—also is unsupported by the Complaint. Opp., 14:2-7. Plaintiff alleges only that "Passes refused" to discontinue "its [nonspecific] unlawful conduct," (Compl., ¶46), which Plaintiff now argues means that "Passes continued to use the data after termination." Opp., 14:7. Plaintiff does not allege any facts to support this "continued use" theory, beyond this conclusory allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009)(rejecting "mere conclusions").

*Unjust Enrichment.* In passing, without any analysis of the facts in this case, Plaintiff posits that contract damages include unjust enrichment. Opp., 31:9-13. "[T]he remedy for unjust enrichment applies only in the absence of an adequate remedy at law." *In re Facebook PPC Advert. Litig.*, 709 F. Supp. 2d 762, 770 (N.D. Cal. 2010) citing *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996). Not only has Plaintiff failed to allege that there is no adequate legal remedy, it has not "raise[d] a right to relief above the speculative level," (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)), and is thus not entitled to restitution under an unjust enrichment theory. *See, e.g.*, Compl., ¶¶118-119.

*Lost Profits.* Plaintiff also ignores that the Agreement expressly excludes recovery of lost profits. *See* Mot., 25:13-19, quoting Ex. A, §6. Disgorgement is, thus, not permitted for Passes' alleged breach of contract. For this reason, and because Plaintiff does not allege trade secret misappropriation, Plaintiff's reliance on *Foster Poultry Farms, Inc. v. SunTrust Bank*, 377 F.App'x 665, 668 (9th Cir. 2010), is misplaced.

### III. CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court grant the Motion and dismiss the Complaint in its entirety.

Dated: December 31, 2024

Respectfully submitted,

By: /s/ Neel Chatterjee
NEEL CHATTERJEE (SBN 173985)
*NChatterjee@goodwinlaw.com*
SHARON R. SMITH (SBN 221428)
*SharonSmith@goodwinlaw.com*
MEGAN D. BETTLES (SBN 328161)
*MBettles@goodwinlaw.com*
**GOODWIN PROCTER LLP**

Attorneys for Defendants
PASSES, INC. and LUCY GUO

## LOCAL RULE 11-6.1 CERTIFICATION

The undersigned counsel of record for Defendants PASSES, INC., ("Passes") and LUCY GUO ("Ms. Guo") certifies that this memorandum of points and authorities contains 3,145 words, which complies with the word limit set forth in Local Rule 11-6.1.

/s/ Neel Chatterjee
NEEL CHATTERJEE

Goodwin Procter LLP
Attorneys at Law

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system on **December 31, 2024**. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **December 31, 2024**.

                                                  /s/ Neel Chatterjee
                                                  NEEL CHATTERJEE